## JAMES GILLESPIE et al.

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 24, 1898—Rehearing denied December 14, 1898.*

1. APPEALS AND ERRORS—*striking bill of exceptions from files eliminates all questions not appearing of record.*  Striking bill of exceptions from the files eliminates from consideration, on appeal, any alleged errors not appearing from an inspection of the record proper.

2. SAME—*court cannot consider affidavit contained in bill of exceptions which is stricken from files.*  The grounds of a motion to quash an indictment, set forth in an affidavit filed in support of the motion, cannot be considered on appeal, where the bill of exceptions containing the affidavit has been stricken from the files.

3. CRIMINAL LAW—*grand jury of seventeen members may find indictments.*  A grand jury containing sixteen or more persons is legally authorized to find and return indictments.

4. SAME—*record must prevail over affidavit of defendant that he was not arraigned.*  Entries in the record of a criminal case which state that the defendant was formally arraigned and pleaded not guilty to the indictment, must prevail over the defendant's affidavit to the contrary, filed in support of his motion in arrest of judgment.

5. SAME—*statute concerning discharge for want of prosecution is not applicable to party imprisoned for another offense.*  Section 18, division 13, of the Criminal Code, (Rev. Stat. 1874, p. 411,) concerning the right of one committed for a supposed criminal offense to apply for a discharge for want of prosecution if not tried at the second term of court, does not apply where the party charged is imprisoned in the penitentiary for another crime.

6. SAME—*the term at which indictment is returned is not counted.*  In determining the second term at which one who is committed under an indictment is entitled to apply for a discharge for want of prosecution, the term at which the indictment was returned is not to be counted as the first term.

7. SAME—*under section 18, division 13, one is "tried" though the jury disagrees.*  The intent of section 18, division 13, of the Criminal Code, is that the right to a discharge shall result from a want of prosecution, and one committed for an offense must be regarded as having been admitted to trial and tried although the jury disagrees.

8. SAME—*a separate trial cannot be insisted upon as a matter of right.*  A party indicted with others cannot insist upon a separate trial as a matter of right, and, although the court may grant a separate trial upon proper showing, its refusal to do so will not be regarded as error, on appeal, unless there is a clear abuse of discretion.

9. SAME—*when overruling challenge for cause is not reversible error.*
Overruling a challenge for cause, based on the juror's statement
that the fact of an indictment being returned would raise in his
mind a suspicion that it had some foundation, is not reversible
error, though the peremptory challenges were exhausted, where
the juror afterwards stated that he would decide the case upon the
evidence and not regard the indictment as evidence of guilt, but
would obey the instructions on that point.

10. SAME—*what not a violation of right to meet accusers face to face.*
The reading in evidence of the testimony of a witness at a former
trial is not a violation of the constitutional right of the defendants
to meet the witnesses against them face to face and hear them
testify, where they had that opportunity at the former trial and
availed themselves of the right of cross-examination.

11. SAME—*parties may agree to admission of testimony at former trial.*
In the absence of any question involving the right of the defend-
ants to meet the witnesses against them face to face, it is compe-
tent for the parties to agree to the presentation of the testimony
of a witness at a former trial by the court reporter, who testifies
that he took it down and correctly transcribed it.

12. SAME—*when wife of one co-defendant is not a competent witness.*
The wife of one joint defendant may be allowed to testify for the
other if the grounds of defense are several and distinct and not de-
pendent upon each other, but she is not a competent witness where
her testimony has the direct effect of aiding her husband.

13. SAME—*omitting to ask defendant why he should not be sentenced is
not ground for reversal.* It is proper practice for the court to ask a
defendant if he has anything to say why he should not be sentenced,
but the omission is not ground for reversal.

WRIT OF ERROR to the Circuit Court of Johnson county;
the Hon. A. K. VICKERS, Judge, presiding.

T. H. SHERIDAN, and D. J. COWAN, for plaintiffs in error.

E. C. AKIN, Attorney General, and GEORGE B. GIL-
LESPIE, State's Attorney, for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

Plaintiffs in error, James Gillespie and Charles Dunn,
were convicted in the circuit court of Johnson county of
the burglary of a house owned by William H. Craig, and
the larceny therefrom of a quantity of wheat.

Several of the questions raised by the assignment of errors and the argument of counsel relate to rulings of the court prior to the November term, 1897, at which the trial was had. Those things which are not part of the record proper can only be made so by a bill of exceptions, and these questions were attempted to be preserved in that way by making the proceedings a part of the record by means of two bills of exceptions. Those bills were stricken from the transcript of the record for the reason that they were not taken at the respective terms at which the proceedings excepted to took place, and that there was no order of court, in either instance, extending the time for signing, sealing or filing the same beyond the term. The argument was doubtless prepared before these bills of exceptions were stricken from the record, but that order eliminated from the case all questions attempted to be raised thereby.

There was a motion to quash the indictment, which was overruled. The indictment was sufficient on its face, and the grounds upon which the motion was based were set forth in an affidavit contained in a bill of exceptions stricken from the record. The record as it stands does not show any illegality, and no objection founded upon the affidavit can be considered. The record shows a legal organization of a grand jury of seventeen persons and the return by them of the indictment. The statute requires that a full panel of the grand jury shall consist of twenty-three persons, sixteen of whom shall be sufficient to constitute a grand jury. The grand jury which returned this indictment contained more than that number, and it was legally authorized to find the indictment. (*Beasley* v. *People*, 89 Ill. 571.) It is also urged that there is no record of the return of this indictment into open court by the grand jury. But this is an error. The record, as certified to this court, shows the return of the indictment by the grand jury on March 23, 1897. Of the same character is the complaint by the defendant Charles Dunn

that he was never arraigned and never pleaded to the indictment. The record recites that at the November term, 1897, previous to the commencement of the trial, the defendants, James Gillespie and Charles Dunn, on November 12, 1897, were formally arraigned and pleaded not guilty of the charge in the indictment, and both announced themselves ready for trial upon the issue made by the pleas. This record must prevail over the affidavits on the part of the defendant Charles Dunn, filed in support of his motion in arrest of judgment, that he had never been arraigned or pleaded to the indictment.

The defendants were first tried at the August term, 1897. The trial resulted in a disagreement of the jury, and at the November term, 1897, each made a motion, based upon his affidavit, for his discharge because he had not been admitted to trial or tried within the time provided by the statute. (Rev. Stat. sec. 18, div. 13, chap. 38.) The statute could not be applied to the case of the defendant Gillespie in any event, since he was not committed for this offense. He pleaded guilty to another felony at the March term, 1897, of the same court, and has been in the State penitentiary at Chester ever since, except when brought into court and tried on this charge. This was sufficient answer to his application, in any event. The defendant Dunn was committed during the March term, 1897, at which the indictment was returned. That term is not to be included in the limit fixed by the statute, but the time is exclusive of said term, which is not to be counted as the first term. (*Ochs* v. *People,* 124 Ill. 399.) At that time, the next term of court in that county fixed by statute would be held in November, 1897. Subsequently, by an act in force July 1, 1897, a term was created for the third Monday of August. At that term there was an adjournment of the case to a later date in the term, but the case was tried during the term. The trial was complete up to the verdict, but at that point came to an end prematurely, for the reason that the jury failed

to agree and were discharged.  The cause was then continued to the November term, 1897.  The intent of the statute is that the right to discharge shall result from a want of prosecution, and a defendant is admitted to trial and tried although a verdict may not be reached, as happened in this case.  The defendants were tried at the next term after the indictment was returned, and the fact that the jury did not agree did not show a want of prosecution.  A construction of the statute which would lead to the absurd result that if a trial resulted in a disagreement it should not be regarded as a trial and the defendants should be discharged under the statute, of course would not be adopted.

It is next complained that the court erred in not giving defendant Charles Dunn a separate trial.  The motion was based upon his affidavit and that of his attorney, setting forth that part of the testimony competent against his co-defendant, Gillespie, was incompetent as to him; that the separate counsel of the defendants had different ideas, in many ways, about the management of the defense, and that he could prove an *alibi* which was inapplicable to the other defendant.  A party indicted with others cannot insist upon a separate trial as a matter of right, but upon a proper showing the court may, in its discretion, award a separate trial.  An application of that kind is addressed to the discretion of the court, and it has generally been said that the refusal cannot be assigned as error.  In *White* v. *People,* 81 Ill. 333, this court, under the very peculiar circumstances of the case, directed the circuit court to give the parties separate trials. But whatever the correct rule may be, it is at least certain that the action of the court will not be reviewed here unless there is a clear abuse of discretion. (*Maton* v. *People,* 15 Ill. 536; *Johnson* v. *People,* 22 id. 314; *Spies* v. *People,* 122 id. 1; *Doyle* v. *People,* 147 id. 394.)  In this case, the reasons offered would apply in almost every case where

there are separate counsel and there was no abuse of the discretion.

The next complaint is, that upon the examination of the jurors three of them showed that they were not competent, by reason of an opinion that the indictment was some evidence of the defendants' guilt. The court overruled challenges for cause upon this ground, and also overruled a peremptory challenge to the third juror, the peremptory challenges being exhausted, and said third juror sat in the trial of the cause. It is only as to him that the ruling is material. The record shows only a partial examination of these jurors, but the answers of the juror who sat in the case, when taken together, amount to no more than that the fact of an indictment being found would raise in his mind some natural suspicion that it had some foundation. But he said that if he should sit as a juror and hear evidence he would decide upon the evidence alone, and would not regard the indictment as evidence of guilt, and would obey the instructions of the court on that question. The court was satisfied that he would consider the indictment merely as a charge against the defendants to be established by evidence on the trial, and we think the court was right. The jurors who tried the case were competent.

By an agreement of record between the parties the testimony of Frank Webb, given on the part of the defendants, and of William F. Sullivan, on behalf of the People, on a former trial, was read to the jury. Notwithstanding this agreement, it is now objected that the court erred in permitting the testimony of William F. Sullivan to be read on behalf of the People. There was, of course, no exception taken and the defendants did not call upon the court to act, but it is insisted that the court erred in not preventing a consummation of the agreement because defendants had a constitutional right to meet their accusers face to face. (Const. sec. 9, art. 2.) The defend-

ants had a right to meet the witness Sullivan face to face and to hear him testify; but this was done on the former trial, and their counsel cross-examined him. So far as the constitutional provision is concerned, this is all that is required to satisfy it. (Cooley's Const. Lim. 318; Bishop on Crim. Proc. chap. 31; 1 Greenleaf on Evidence, sec. 363.) The question whether such testimony given on a former trial is admissible in evidence depends upon certain facts, such as the witness being dead or out of the jurisdiction. This evidence was given face to face with the accused and with a full opportunity for cross-examination, which defendants availed themselves of, so that no constitutional right was in any way violated, and they could certainly agree to the admission of the evidence where no such right was involved.' So, also, they could plainly agree to the manner in which it was presented, which was by the testimony of the official reporter that he took down the testimony of the witness in shorthand and correctly transcribed the same in longhand. It was this which defendants agreed should be read to the jury.

The court refused to permit Elizabeth Gillespie, wife of James Gillespie, to testify, and this is assigned as error. Martha Thornton had testified that on the evening of the burglary the defendants came to the home of her husband, William Thornton, and found him and his brother, James Thornton, there; that defendant Dunn had a private talk with her husband, and shortly after dark they all four went away and that her husband came home late that night. An attempt was made to impeach the credibility of this witness by proof of different statements out of court. A step-daughter of the defendant Gillespie testified that this witness, Martha Thornton, had stated that James Gillespie and Charles Dunn were not at her house the night the wheat was stolen. The witness Elizabeth Gillespie, wife of one of the defendants, was also offered for the same purpose of impeachment, and it

was first offered to prove by her that Martha Thornton had said that neither James Gillespie nor Charles Dunn was at her house on the evening of the burglary, and afterwards it was offered to prove that she said Dunn was not at her house at all the night the wheat was stolen. This evidence was offered ostensibly on behalf of Dunn alone. It will be remembered that the reasons given for a separate trial of Dunn did not include the existence of any testimony admissible as to him and not admissible as to his co-defendant, so that this evidence did not come to the notice of the court on the motion for a separate trial. It was offered to impeach the credibility of a witness who testified against the husband of the offered witness. It did not merely affect the credibility of the witness, but it concerned a statement which included the defendant Gillespie, and it equally tended to overthrow what Martha Thornton testified to about Gillespie as well as Dunn. The matter was inseparable in the state of the case, and the inevitable tendency would be directly to the husband's acquittal. If the grounds of defense are several and distinct and not dependent upon each other, the wife of one defendant may be admitted to testify for the other, but the wife is not a competent witness where the direct effect is to aid the husband and where the testimony concerns him. Greenleaf on Evidence, sec. 335.

It is objected that the court refused to permit the defendants to prove that the prosecuting witness had made a fraudulent mortgage on the wheat alleged to have been stolen, and that said witness had been indicted, but there is no argument of the question, and we know of no ground upon which the evidence was admissible.

General objections are made to the action of the court in giving and refusing instructions, but the only instruction pointed out in the argument is one given by the court on its own motion, and this is objected to generally, as having a tendency to aid the theory of the prose-

cution. We can see no fault in it. The jury were very fully and liberally instructed on behalf of the defendants.

It is claimed that after the trial the court erred in not asking defendants if they had anything to say why sentence should not be passed. The record recites: "And now the said defendants, nor their counsel for them, saying anything further why the judgment of the court should not now be pronounced against them on the verdict of guilty heretofore rendered in the case, therefore," etc. This implies that opportunity was afforded the defendants to offer any reason why judgment should not be entered. It is a proper practice to ask a defendant if he has anything to say why he should not be sentenced, but the omission is not ground for reversal in any case. *Gannon* v. *People*, 127 Ill. 507; *Harris* v. *People*, 130 id. 457.

It is insisted that the evidence is insufficient to sustain the verdict. It is circumstantial, but was sufficient to satisfy the understanding and conscience of the jury, and the trial court approved of the verdict. As before stated, the first trial at the August term resulted in a disagreement. At the November term defendants were twice tried and each time were found guilty. The first verdict of guilty was set aside, not because of anything connected with the facts of this case, but on account of the admission of evidence of a former conviction of the defendant Gillespie. The incidents of a trial and the appearance and manner of the witnesses cannot be preserved in the record, and after giving our best attention to the testimony as it appears in the record we are not prepared to say that the verdict was wrong.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*