(No. 22804.— )
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED FRANZONE, Plaintiff in Error.

*Opinion filed February 21, 1935.*

JAMES M. BURKE, GEORGE M. CRANE, and HERBERT G. IMMENHAUSEN, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

Fred Franzone was convicted of a misdemeanor in the municipal court of Chicago on July 18, 1933, and sentenced to serve a term of six months in the house of cor-

rection. While serving his sentence, and on September 14, 1933, he was again taken to that court on a complaint charging him with a robbery committed prior to his imprisonment. He was held to the grand jury and bail was fixed, which he failed to give. A *mittimus* to commit him to the county jail on the robbery charge was issued but he was not taken there. He was returned to the house of correction. On January 6, 1934, at the expiration of his term in the house of correction, he was lodged in the county jail by virtue of the *mittimus* on the robbery charge. On March 6, 1934, he was indicted for robbery with a gun. On March 28, 1934, he filed a petition in the criminal court of Cook county alleging he had not been tried within four months from the date of his commitment and was entitled to be discharged under the provisions of section 18 of division 13 of the Criminal Code. The facts were stipulated. The petition was denied, and thereafter he was arraigned, tried and convicted by the court without a jury. The cause is before us on writ of error.

Defendant's claim of right to be discharged is based on his contention that he was committed on the robbery charge on September 14, 1933, when the *mittimus* was issued. The People contend that defendant was not committed on the robbery charge until January 6, 1934, at the expiration of his term in the house of correction, and that therefore four months had not elapsed from the time of commitment to the time of trial.

Section 18 of division 13 of the Criminal Code (Smith's Stat. 1933, chap. 38, par. 748,) provides: "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the people, and

that there is reasonable grounds to believe that such evidence may be procured at a later day in which case the court may continue the cause for not more than sixty (60) days," etc.

The defendant was held in the house of correction from July 18, 1933, to January 6, 1934, under his sentence by the municipal court. His imprisonment under the *mittimus* on the robbery charge began on the last mentioned date in the county jail. In *Guthmann* v. *People,* 203 Ill. 260, we held that the word "commitment" has in law a well defined meaning and signifies the act of sending an accused or convicted person to prison. It is so defined in 4 Ency. of Pl. & Pr. p. 567, Anderson's Law Dict. 210, 1 Bouvier's Law Dict. 296, and 12 Corpus Juris, 149. In other words, the issuing of a *mittimus* is not a commitment, but a commitment is an incarceration under a *mittimus* or other legal process. In *Gillespie* v. *People,* 176 Ill. 238, Gillespie was indicted for burglary at the March term of court. He pleaded guilty to another felony at that term and was sentenced to the penitentiary. He was tried on the burglary charge at the succeeding November term of court. Upon his application for a discharge we held that the statute could not be applied to his situation, because his imprisonment was for another felony and not on account of the one mentioned in his application. To the same effect are *People* v. *Lukoszus,* 242 Ill. 101, and *People* v. *Kidd,* 357 id. 133. The criminal court correctly held that the statutory period should be computed from the date defendant was committed to the county jail and not from the time that the *mittimus* was issued.

The judgment is therefore affirmed.

*Judgment affirmed.*