(No. 33996.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LOREN LITTLE, Plaintiff in Error.

*Opinion filed November 26, 1956.*

LOREN LITTLE, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and ROGER W. HAYES, State's Attorney, of Macomb, (FRED G. LEACH, and EDWIN A. STRUGALA, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Loren Little, was indicted in the circuit court of McDonough County for the crime of taking indecent liberties with a female child under the age of fifteen years. He pleaded guilty and was sentenced to the penitentiary for a term of not less than one year nor more than twenty years. (Ill. Rev. Stat. 1953, chap. 38, par. 109.) Evidence in aggravation and mitigation was heard, and a n.inimum limit of five and a maximum limit of fifteen

years' imprisonment was set. (Ill. Rev. Stat. 1953, chap. 38, par. 802.) Appearing *pro se,* defendant prosecutes this writ of error.

He contends that his conviction cannot stand because it appears from the common-law record (1) that the trial judge failed to advise him as to his right to have counsel appointed to represent him and as to the consequences of his plea of guilty, as required by Rule 27A of this court, (Ill. Rev. Stat. 1953, chap. 110, par. 259.27A,) and (2) that the court "recommended" rather than "fixed" minimum and maximum limits of imprisonment, thus rendering the judgment vague and uncertain. *People* v. *Montana,* 380 Ill. 596.

The common-law record originally filed in this court supports these contentions. An additional record filed by the People, however, shows that on May 7, 1956, the record was corrected *nunc pro tunc* as of October 4, 1954. The correction was based upon memorials of the circuit court, including the official docket entry kept by the court and the transcript of the proceedings upon arraignment. (See: *People* v. *Duden,* 3 Ill.2d 16.) The corrected record shows that defendant's contentions are without merit. From the additional record it appears that the clerk of the circuit court inadvertently omitted those portions of the record which contained the trial judge's full explanation to defendant of his right to be represented by counsel, his adequate admonition as to the consequences of a plea of guilty, and the inquiries and answers as required by Rule 27A. And it also appears from the corrected record that the court "fixed" rather than "recommended" minimum and maximum limits of the term of imprisonment, thus removing any uncertainty as to its duration. See: *People* v. *Bellmeyer,* 396 Ill. 552.

The judgment of the circuit court of McDonough County is affirmed.

*Judgment affirmed.*