(No. 34197.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD ROSS, Plaintiff in Error.

*Opinion filed January 24, 1958.*

WILLIAM R. HARRIS, of Macomb, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and WILLIAM L. RANDOLPH, State's Attorney, of Macomb, (FRED G. LEACH and WILLIAM H. SOUTH, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Three indictments, Nos. 3079, 3080 and 3081, were returned against Richard Ross at the January, 1950, term of the circuit court of McDonough County. Each indictment charged him with a separate offense of burglary and larceny. At that time he was arraigned on only one indictment, No. 3081, and was admitted to bail on the others. As to indictment No. 3081 he pleaded guilty, and was granted probation. In November of 1950 his probation was revoked and he was sentenced to the penitentiary for a term of not less than one year nor more than ten years on indictment No. 3081. He was placed on parole in October of 1954 and was subsequently apprehended as a parole violator.

In June of 1955 he was arraigned on indictment No. 3080, which charged a different burglary than that for which he had previously been convicted. He was represented by counsel, and after being fully advised of his rights he pleaded guilty and was sentenced to the penitentiary. It is this judgment that he now attacks.

His grounds for reversal are that he was arraigned more than five years after the indictment was returned, in violation of his constitutional right to a speedy trial; that the State's Attorney had no power to file the indictment away for use at a future time, and that by reason of the delay the indictment became wholly void and the court lost jurisdiction.

The constitutional right to a speedy trial has been implemented by a statute which requires that a defendant be discharged if not brought to trial within four months of his commitment. (Const. art. II, sec. 9; Ill. Rev. Stat. 1957, chap. 38, par. 748.) In the application of these constitutional and statutory provisions, however, this court has held that time spent in prison on another charge will not be counted in computing the period of delay. (*Gillespie* v. *People,* 176 Ill. 238; *People* v. *Lukoszus,* 242 Ill. 101; *People* v. *Franzone,* 359 Ill. 391.) The holding of the *Gillespie case* has been criticized vigorously, (*Arrowsmith* v. *State,* 131 Tenn. 480, 175 S.W. 545,) and mildly. (*State* v. *Keefe,* 17 Wyo. 227, 98 Pac. 122.) Almost all jurisdictions that have passed on the question have reached a different conclusion. See cases collected 118 A.L.R. 1037.

In its 1957 session the General Assembly enacted a statute that conforms to the majority view. It provides:

"Whenever any person has entered upon a term of imprisonment in any penitentiary of this State, and whenever during the continuance of the term of imprisonment there is pending in the county in which he was sentenced any other indictment against the prisoner, whether such untried cause existed before or after the effective date of this Act, such untried cause shall be barred for want of prosecution if the prisoner is not brought to trial within 4 months after the date of incarceration for the prior conviction or within 4 months after the effective date of this amendatory Act of 1957, whichever is later, unless the delay occurs upon

the application of the prisoner; * * *." Ill. Rev. Stat. 1957, chap. 38, par. 633.1.

We find it unnecessary to appraise the present vitality of the *Gillespie case* in the light of the contrary results reached in other jurisdictions and the contrary policy expressed by the General Assembly. At this date we can only speculate whether defendant would, or could, have been granted probation in 1950 if he had then been tried on the other indictments. A conviction on one or more of those indictments would also have been a factor in determining his eligibility for parole in 1954. His applications for probation and parole were considered and granted upon a record that showed that he had been convicted of only one offense. These considerations suggest that the defendant was not prejudiced by the delay in trying him on this indictment. But it is unnecessary for us to decide whether he was benefited or damaged by the delay. The right to a speedy trial can be waived, and it was waived by the defendant's failure to assert it and by his plea of guilty.

It is suggested by the defendant that the new statute should be construed liberally and be held to govern his case. But the terms of the statute negative the suggestion. The General Assembly considered the desirability of retroactive operation of the statute, and provided that it should apply to "untried causes" pending against persons imprisoned in the penitentiary. Those cases were required to be brought to trial within four months after the effective date of the act. The legislature has thus clearly indicated the extent to which it intended the statute to have retroactive effect, and the defendant's case falls outside the limits so fixed.

Defendant also objects to the form of the sentence entered against him. The sentence, as originally worded, ran: "to be confined for a term of not less than one year nor more than life * * *. It is further ordered that the court recommends a minimum duration of imprisonment

* * * of one year and a maximum duration of his imprisonment of fifteen years." Such a sentence would be open to the charge of indefiniteness. (*People* v. *Small*, 401 Ill. 20; *People* v. *Rogers*, 401 Ill. 53.) However, this infirmity has been cured by an order of the sentencing court, dated March 5, 1956, which substituted the word "fixes" for the word "recommends" in the sentence. The correction was made on the basis of the transcript which showed that in pronouncing sentence the judge said, "* * * the minimum time to be served will be one year and the maximum time to be served will be fifteen years." The order of the court thus corrected what was patently a clerical error and removed all uncertainty. See: *People* v. *Little*, 9 Ill.2d 520.

The judgment of the circuit court of McDonough County is affirmed.

*Judgment affirmed.*