(No. 34734.—

The People of the State of Illinois, Defendant in Error, *vs.* James Allen, Plaintiff in Error.

*Opinion filed January 23, 1959.*

456

GEORGE J. MORAN, of Granite City, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and CARL W. STOWE, State's Attorney, of Greenville, (FRED G. LEACH, and WILLIAM H. SOUTH, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

James Allen pleaded guilty to an indictment for burglary in the circuit court of Bond County, and was sentenced to imprisonment in the penitentiary for a term of not less than eight nor more than ten years. On this writ of error to review that judgment he contends that his conviction should be set aside (1) because he was not advised of the consequences of his plea of guilty, (2) because he was deprived of his right to a speedy trial, (Const., art. II, sec. 9; Ill. Rev. Stat. 1957, chap. 38, par. 748,) and (3) because his appointed counsel was incompetent.

The record filed by the defendant did not contain the court's admonition at the time he changed his plea from not guilty to guilty. A suggestion of diminution of record

was made and leave was granted to file an additional record. The additional record contains a transcript of the remarks of the judge at the time the plea was changed, and it shows a comprehensive admonition in accordance with Rule 26(3) of this court. Ill. Rev. Stat. 1957, chap. 110, par. 101.26(3).

The defendant was arrested on May 19, 1952. He was indicted on September 15, 1952. On November 10, 1952, he was arraigned and pleaded not guilty and counsel was appointed to represent him. On November 14, 1952, he was granted leave to withdraw his plea of not guilty and to plead guilty. The defendant filed in this court a petition for a writ of error which points out that while he was in custody and before he was indicted he damaged property in the county jail. On July 2, 1952, he was convicted of malicious mischief in the county court of Bond County. For that offense he was sentenced to imprisonment for a term of four months at the State Farm at Vandalia. After he had served that sentence he was remanded to the custody of the sheriff of Bond County on November 1, 1952. Apart from any considerations of waiver by reason of his plea of guilty, these circumstances do not show 'a violation of his constitutional or statutory right to a speedy trial. *People* v. *Ross*, 13 Ill.2d 11.

The record before us contains nothing that would suggest a lack of competence on the part of counsel appointed to represent the defendant. Defendant had also filed a post-conviction proceeding which was dismissed upon motion on May 10, 1955, for failure to state a cause of action. His brief refers to that proceeding, apparently in support of his attack upon the competence of his appointed attorney. But that post-conviction proceeding cannot be reviewed upon the record in this case and, in any event, the time within which it could be reviewed has expired. Ill. Rev. Stat. 1957, chap. 38, par. 832.

The judgment of the circuit court of Bond County is affirmed.

*Judgment affirmed.*