(No. 36091.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES SWARTZ, Plaintiff in Error.

*Opinion filed January 20, 1961.*

JULIUS LUCIUS ECHELES, of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant was convicted of two charges of forgery and was given concurrent sentences of from one to three years. Before trial, he filed a motion for discharge on the ground that he had not been tried within the time required by law. After a hearing, the court denied the motion. Defendant brings this writ of error, contending that the trial court erred in not discharging him.

Defendant was arrested on January 9, 1959, by police officers of Riverside and Chicago. His verified motion alleges that he was arrested on the instant charges. At the hearing on his motion for discharge, however, he stated that he was never actually arrested on the charges contained in the two forgery indictments, but was arrested on another charge. Defendant's verified motion alleged that he was held in the Cook County jail from January 12, 1959. However, his testimony to this effect was objected to and stricken.

On January 29, 1959, defendant was sentenced for a year and a day by the Federal district court sitting in Chicago. The nature of the Federal charge is not disclosed by

the record. Apparently defendant remained in the Cook County jail and was not removed to a Federal penitentiary until March 20, 1959.

The two forgery indictments upon which the present proceedings were based were returned by the grand jury on February 20, 1959. On February 27, 1959, defendant was sentenced to the county jail for one year on a charge of receiving money under false pretenses. On March 6, 1959, on motion of the State's Attorney, the two forgery indictments were stricken with leave to reinstate. On March 20, 1959, defendant was removed from the county jail to the Federal penitentiary at Milan, Michigan, to serve the Federal sentence of a year and a day that had been imposed on January 29, 1959.

The two forgery charges were reinstated upon the trial docket on December 28, 1959, apparently after defendant's release from the Federal penitentiary. On February 15, 1960, defendant filed his motion for discharge on the ground that he had not been tried within four months as required by law.

Section 18 of division XIII of the Criminal Code (Ill. Rev. Stat. 1959, chap. 38, par. 748) provides: "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, * * *."

Under this statutory provision, this court has held that a defendant sentenced on one charge, who had a second charge pending against him, had no right to compel the State to proceed on the second charge until after he had been released from custody on the first charge. (*People* v. *Franzone,* 359 Ill. 391.) In other words, confinement on another criminal charge tolled the four-month period within which the defendant was required to be tried.

This rule was modified by the enactment in 1957 of "An Act to bar certain actions for want of prosecution." That statute, as amended in 1959, reads as follows (Ill. Rev. Stat. 1959, chap. 38, par. 633.1): "Whenever any person has entered upon a term of imprisonment in any penitentiary of this State, and whenever during the continuance of the term of imprisonment there is pending in the county in which he was sentenced any other indictment or information against the prisoner, whether such untried cause existed before or after the effective date of this Act, such untried cause shall be barred for want of prosecution if the prisoner is not brought to trial within 4 months after the date of incarceration for the prior conviction or, as to an information, within 4 months after the effective date of this amendatory Act of 1959, whichever is later, unless the delay occurs upon the application of the prisoner; except, if the court is satisfied that due diligence has been exerted to procure the evidence on behalf of the People and that there is reasonable ground to believe such evidence may be procured at a later date, the court may, upon motion of the State's Attorney, continue the cause for not more than 30 days."

Defendant contends that both the county jail and the Federal penitentiary are included in the phrase "any penitentiary of this State" as used in the above-quoted statute, and that since defendant was not tried within four months of the date of his incarceration in either institution, he was entitled to his discharge. We know of no principle of construction under which a Federal penitentiary in Michigan could be held to come within the phrase "any penitentiary of this State." Such a construction would be directly contrary to the express language of the statute.

On the other hand, whether a person sentenced to the county jail on a misdemeanor charge has "entered upon a term of imprisonment in any penitentiary of this State" is a question not so easily disposed of. Where imprisonment

is prescribed as punishment for a criminal offense, whether the defendant is incarcerated in the Illinois State Penitentiary or in a county jail depends upon the severity of the crime. The People maintain that *People* v. *Allen,* 15 Ill.2d 455, is dispositive of this issue, contending that there "this court held that a sentence to the State Farm at Vandalia tolled the provisions of chap. 38, par. 633." That case concerned the validity of a 1952 conviction and paragraph 633.1 was in no way involved. Defendant cites our decision in *People* v. *Dale,* 406 Ill. 238, as authority for construing the word "penitentiary" as including county jail, pointing out that we there said that "The technical name of the institution in which a criminal is confined cannot affect his fundamental rights." (406 Ill. at 247.) In that case, we held that the Post-Conviction Hearing Act (Ill. Rev. Stat. 1959, chap. 38, par. 826 *et seq.*), which provides a remedy for persons "imprisoned in the penitentiary," did not contravene section 22 of article IV of the Illinois constitution. However, the basis for our decision was that the term "penitentiary" was used in order to distinguish "between convictions for minor offenses and those for serious crimes" (406 Ill. at 246) and it is obvious that if the legislature intended to use the term "penitentiary" for the same purpose here, the defendant cannot prevail. Nevertheless, it is a cardinal rule of construction that in ascertaining legislative intent, courts should consider the reason for the enactment and the objects sought to be obtained by the statute. *Petterson* v. *City of Naperville,* 9 Ill.2d 233, 244-245; *People* v. *Kopp,* 355 Ill. 596, 601; *Bowman* v. *Industrial Com.* 289 Ill. 126, 131.

We think that this statute was clearly intended to afford prisoners the right to a speedy trial and to overcome our previous decisions in *People* v. *Franzone,* 359 Ill. 391; *People* v. *Kidd,* 357 Ill. 133; *People* v. *Lukoszus,* 242 Ill. 101, and *Gillespie* v. *People,* 176 Ill. 238, which held that time spent in prison on one charge will not be counted in

computing the period of delay in bringing the defendant to trial on a different charge. (See *People* v. *Ross,* 13 Ill.2d 11.) To hold that, by the use of the term "penitentiary," the legislature intended to distinguish between a felony and a misdemeanor would be to whittle away much of the force and effect of the statute. We cannot conclude that the legislature intended to limit the responsibility of the People to use diligence to trials after a felony conviction.

While the defendant was not imprisoned in any penal or correctional institution of this State for four months prior to the commencement of the trial involved in this appeal, we do not consider that factor controlling. The record discloses that the Federal authorities had consented to the State's retention of custody over the defendant and that they would not remove him to the Federal penitentiary until the State had terminated their actions against him. In such a case, the State cannot evade the statute by refusing to prosecute the defendant and by voluntarily relinquishing control of him to the Federal authorities.

The judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*