People of the State of Illinois, Plaintiff-Appellee, v. Robert L. Fosdick, Defendant-Appellant.

Gen. No. 10,621.

Fourth District.

March 22, 1966.

Robert T. Trimpe, of Champaign, for appellant.

John J. Bresee, State's Attorney, of Urbana, for appellee.

CRAVEN, J.

The defendant was convicted of rape in a bench trial in the circuit court of Champaign County. A sentence of not less than six nor more than twenty years was imposed, the sentence to run concurrently with another sentence imposed in De Witt County, Illinois. This appeal presents no question as to guilt or innocence but only the question of whether the trial court erred in denying a motion to dismiss and for discharge, alleging the denial of the constitutional right to a speedy trial and violation of the provisions of § 103–5 of c 38, Ill Rev Stats 1963.

A determination of the issue presented necessitates a recitation, chronologically, of the events relating to custody and trial. The offense here charged was on December 20, 1963. On January 7, 1964, a criminal complaint charging the offense was filed in the circuit court of Champaign County. At or about that time the defendant was in the custody of De Witt County, Illinois, authorities on other charges. On February 16, 1964, the defendant escaped from the De Witt County authorities.

On March 11, 1964, the defendant was apprehended in Champaign County and lodged in the Champaign County jail. On the following day he was taken before a magistrate in Champaign County and a copy of the complaint was given to the defendant, and the public defender appointed to represent him.

On the next day, March 13, 1964, the January 7, 1964, complaint was dismissed and on that same day another complaint was filed alleging the same charge based upon the same conduct. Another warrant was issued that day but not served on the defendant. The defendant was taken to De Witt County on March 13, 1964, and there

tried and convicted of other charges, sentenced to the Illinois State Penitentiary, and on April 21, 1964, incarcerated in the Illinois State Penitentiary. The record does not establish the specific chronology of events of March 13, 1964.

A "few days" after the defendant was surrendered to De Witt County authorities, a detainer or hold order was placed with De Witt County authorities, and the record establishes that this detainer or hold order followed the defendant to the penitentiary.

On April 7, 1964, the defendant was indicted by the grand jury of Champaign County on the same offense as the one charged on January 7 and dismissed and refiled on March 13, both in 1964. On June 22, 1964, the defendant was returned to Champaign County pursuant to a writ of habeas corpus ad prosequendum, arraigned and the cause set for jury trial for the week commencing July 6, 1964. The public defender was again appointed to represent the defendant.

The case was not tried during the week of July 6, 1964. Affidavits by counsel vary as to the understanding of the reason for the case not being tried. In any event, on July 9, 1964, the record shows that the defendant appeared in court with the public defender, waived trial by jury, and a jury waiver was signed and filed. On that day, *on motion by the state's attorney,* the case was set as a nonjury matter for July 15, 1964.

On July 14, 1964, a motion to dismiss was filed alleging the constitutional and statutory grounds above set forth. This motion was denied and the case was ultimately tried on October 14, 1964.

Section 103–5(a) of c 38, Ill Rev Stats 1963, provides:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the

186

defendant, by a competency hearing, or by an interlocutory appeal."

The Committee Comments contained in the annotated volume relating to this section succinctly state the history of this provision and its function of implementing the constitutional right of an accused to a speedy trial. It is there stated:

"Except for some revision in the language used, and the separation of the various elements of the right into separate subsections, this section codifies Ill Rev Stats 1961, ch 38, . . . [sec] 748, and the Illinois decisions construing it. While Article II, Section 9 of the Illinois Constitution guarantees the accused a speedy trial, it specifies no time. The four-months period provided in old section 748 and continued in this section as 120 days merely goes to the method of enforcing the constitutional right. (People v. Morris, 3 Ill2d 437, 121 NE2d 810 (1954).)". . .

■ Here the defendant was originally in custody on January 7, 1964. We agree with the contention of the State that his escape and status as a fugitive preclude the defendant from invoking the aid either of the statute or the constitution for the time that he was in the status of a fugitive. Thus, the statute did not begin to run until the defendant was again apprehended—March 11, 1964.

■ On the latter date the defendant was in custody in the Champaign County jail. He was there being held on a federal fugitive warrant, De Witt County charges and the instant charge in its original form. The subsequent dismissal and refiling of the same charge does not operate to suspend the statute or to change the fact that the defendant was in custody within the meaning and purview of § 103–5(a) of c 38, Ill Rev Stats 1963. People v. Patheal, 27 Ill2d 269, 189 NE2d 309.

187

Thus, the record in this case shows that the defendant was continuously in custody in this State from March 11, 1964, to July 14, 1964, and the instant charge was pending and untried. Here, unlike the facts in People v. Jones, 33 Ill2d 357, 211 NE2d 261, and in People v. Lowe, 61 Ill App2d 262, 210 NE2d 31, there is a showing of arrest, arraignment and other prosecutive process on the present charge—and the charge was pending during the period of incarceration.

 In People v. Benson, 19 Ill2d 50, 53, 54 (166 NE 2d 80, 82), the Supreme Court stated that the predecessor section of the present statute was to be liberally construed:

> "This court has held that the statute is to be construed liberally since it is in conservation of the liberty of a citizen, (People ex rel. Woodruff v. Matson, 129 Ill 591 [22 NE 456],) that its salutary provisions cannot be nullified by technical evasions, (People v. House, 10 Ill2d 556 [141 NE2d 12],) and that its provisions are mandatory and confer upon an accused a substantial and absolute right under the constitution." (Citations omitted.)

The same rules of construction are applicable to the statute in its present form, for its purpose and effect remain unchanged.

In the recent case of People v. Moriarity, 33 Ill2d 606 (213 NE2d 516), the Supreme Court held that a ten-month delay in obtaining custody of a defendant confined in an Indiana reformatory, against whom charges were pending in Illinois, was not arbitrary or oppressive. The delay there was contrasted with an eight-year delay in People v. Bryarly, 23 Ill2d 313 (178 NE2d 326). In the course of the opinion in Moriarity, Mr. Justice House contrasts imprisonment in Illinois with confinement in another State. In the latter circumstance, Illinois custody would be dependent upon proceedings for

extradition. This, of course, is not true as to Illinois incarceration.

In People v. Swartz, 21 Ill2d 277 (171 NE2d 784), the court held that imprisonment in Milan, Michigan, for a federal offense did not toll the Illinois statute, saying, ". . . the State cannot evade the statute by refusing to prosecute the defendant and by voluntarily relinquishing control of him to the Federal authorities."

Here the prosecuting authorities had custody of the defendant and relinquished that custody to another county in this State. The pending charge was dismissed and refiled on the date of relinquishment of custody. Hold orders or detainers were lodged with the county and, ultimately, the State authorities. Unlike Bryarly or Moriarity, the defendant was in Illinois and available for prosecution on the instant offense. See People v. Patheal, supra.

It follows, therefore, that the defendant was entitled to discharge upon his motion therefor absent "delay . . . occasioned by the defendant, by a competency hearing, or by an interlocutory appeal." The record here contains no such delay attributable to the defendant.

■ Certainly the action of the defendant waiving a jury cannot be held to be delay. Such waiver ordinarily expedites a proceeding rather than causing its delay. The record here has in it affidavits by counsel in support of, and in opposition to, the motion to dismiss as to their understanding of certain conferences in chambers relative to the trial of this case. Neither affidavit establishes delay attributable to the defendant. It is set forth in the affidavit of the assistant state's attorney that he at no time considered the "four-month rule" to be a problem in this case and that had he considered such problem to exist, the case would have gone to trial on July 6, 1964, or July 9, 1964.

The affidavit continues to state that in the handling of this case he proceeded on the belief that the public

defender was unprepared for trial at any time up to July 15, and that the public defender was raising no issue as to the four-month rule.

We are not prepared to hold that a waiver of a jury trial constitutes a delay within the meaning of the statute. See People v. Tamborski, 415 Ill 466, 114 NE2d 649. Our decision here must be governed by the record as it is before us. In this record we find no action by the defendant or his counsel that can be said to have occasioned delay.

The judgment of the circuit court of Champaign County is reversed.

Judgment reversed.

SMITH, J., concurs.

TRAPP, P. J., dissents.