**People of the State of Illinois, Plaintiff-Appellant, v. Hyman N. Gray, Defendant-Appellee.**

Gen. No. 10,818.

Fourth District.

June 1, 1967.

Charles J. Ryan, State's Attorney of Morgan County, of Jacksonville, for appellant.

Albert W. Hall, of Jacksonville, for appellee.

TRAPP, J.

The People appeal from a judgment dismissing an indictment charging armed robbery. Such order was pursuant to chapter 38, § 114–1 of the Code of Criminal

Procedure (Ill Rev Stats 1963) and entered upon the ground that the defendant had been denied a speedy trial under the Constitution of the United States and of the State of Illinois, and chapter 38, § 103–5 of the Code of Criminal Procedure (Ill Rev Stats 1963).

On September 7, 1965, a verified complaint was filed in the magistrate division of the court, bail fixed and a warrant of arrest issued. On or about October 26, 1965, the Morgan County authorities discovered that the defendant was in the penitentiary at Menard, following a conviction in Greene County, Illinois, and serving a sentence of one to five years. On the latter date a "detainer warrant" was placed with the warden of the penitentiary for the arrest of the defendant.

On April 21, 1966, defendant filed his "Motion to Dismiss Charge" contending that he had not been accorded a speedy trial as provided in the Constitution of the United States and of the State of Illinois, and under the provisions of § 103–5 of the Code of Criminal Procedure (Ill Rev Stats 1963). On May 25, 1966, defendant was indicted for the offense set out in the complaint, and on July 8, 1966, the State's Attorney procured a writ of habeas corpus ad prosequendum in the trial court pursuant to which on July 13, 1966, defendant appeared and the public defender was appointed to represent him. Subsequently, on July 20th, at the request of the defendant, the court dismissed the public defender and the matter was continued to allow the court time to appoint other counsel. On July 21, 1966, on the court's own motion, it considered the motion to dismiss the charge theretofore filed and entered an order dismissing the "cause" and remanded the defendant to the penitentiary.

The contentions of the State's Attorney include the propositions that the defendant had never been arrested or held in custody by virtue of the detainer warrant; that the offense charged is a felony which could only

be prosecuted by indictment unless appropriate waiver was made, so that there were no proceedings pending in Morgan County by which defendant could have been prosecuted for armed robbery; and, finally, that the defendant was, in fact, brought to trial within 120 days after the date of the indictment.

The contention that the defendant was never arrested, or in custody pursuant to the warrant issued by the magistrate, calls for review of the effects of the prosecutive action. It is clear that pursuant to the complaint an arrest warrant was issued and bail fixed. We have found neither statutory nor case law definition of a detainer warrant. In reply to our questions during oral argument counsel seemed to agree that it was an arrest warrant that was not served promptly, but was held by administrative authorities to be served at the time of defendant's release from his then incarceration. This appears to be a matter of comity and cooperation between law enforcement officials performed without statutory or other authority.

The Code of Criminal Procedure, chapter 38, § 107–5(c) (Ill Rev Stats 1963) provides that an arrest may be made anywhere within the jurisdiction of the State. Paragraph 107–9(d)(6) provides that the warrant shall command the arrest of the person against whom the complaint is made.

The VI Amendment of the Constitution of the United States and art 2, § 9 of the Constitution of the State of Illinois, provide that an accused shall have the right to a speedy trial. The Code of Criminal Procedure, chapter 38, § 103–5(a) (Ill Rev Stats 1963) provides that:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody. . . ."

266

The State's Attorney knew, as of October 26, 1965, of the whereabouts of the defendant within the State. It is clear that there was authority to serve the warrant and to proceed with the prosecution of the matter. He had, at all times, the procedural means which were ultimately employed to bring the defendant into court for arraignment and trial, as was actually done approximately 11 months following the issuance of the complaint. Here the only affirmative step taken was to insure that the defendant would not be released from custody at the penitentiary, but would be served with the pending warrant.

■ ■ The Supreme Court has stated that it will not permit the State to evade the right of an accused to a speedy trial. People v. Fosdick, 36 Ill2d 524, 224 NE2d 242. In that case defendant was in custody in Champaign County upon a federal warrant. He was served with an arrest warrant issued upon a complaint filed in that county and served with a copy of the complaint. Counsel was appointed. The next day such complaint was dismissed, but a second complaint for the same offense was filed, and a second warrant was issued but not served. The Champaign County authorities then relinquished defendant to DeWitt County for trial upon other charges, a "detainer" being sent to the latter county which followed the defendant to the penitentiary where he was sentenced. Some 3 weeks later the defendant was indicted in Champaign County. When he was ultimately returned to Champaign County for trial, a motion for discharge under the statute was made. It was then contended by the State that the defendant had never been in custody for the Champaign County offense within the meaning of chapter 38, § 103–5 (Ill Rev Stats 1963). The Supreme Court found that such contention was unsound in that the defendant had been served with a warrant and should be considered in custody there-

under. The court stated that the State would not be permitted to evade the statute by a voluntary dismissal of the charges followed by a new filing of identical charges, and further declared that a voluntary relinquishment of custody to another jurisdiction could not be employed to deny the defendant the right to a speedy trial.

 Again, in People v. Patheal, 27 Ill2d 269, 189 NE2d 309, the defendant, while on parole, was arrested upon a complaint and a preliminary hearing was held, and nearly 4 months after the arrest he was delivered to a parole agent as a parole violator. He was subsequently indicted upon the offense charged, and when defendant was discharged from the penitentiary he was taken into custody under such indictment. Upon motion for discharge, the State contended that the defendant had never been in custody for the offense charged in the complaint, but had been in the custody of the State as a parolee. The Supreme Court again pointed out that where the State knew of the whereabouts of the defendant but made no recognition of the right to a speedy trial through efforts to bring the defendant from the penitentiary, it would not permit the constitutional right to be thwarted through such technicalities or fictions. In People v. Swartz, 21 Ill2d 277, 171 NE2d 784, the State voluntarily relinquished custody of the defendant to Federal authorities, striking the indictment under which he was held with leave to reinstate. The Supreme Court held that the statute could not be evaded by refusing to prosecute through turning the accused over to Federal authorities. In People v. Emblen, 362 Ill 142, 199 NE 281, the defendant was arrested without a warrant. He was subsequently indicted but no warrant was ever served by reason of the indictment. The evidence disclosed that the defendant was actually held without a warrant for 7 months, purportedly for investigation. It was argued by the State that he had never been restrained upon the charge for which indicted. The Su-

preme Court again referred to technical evasions of the statute, saying at page 146:

"Officers may not thwart the provisions of the constitution and the statute by arresting without warrant and incarcerating a prisoner without an order of commitment of some court of competent jurisdiction."

It is stated categorically that the duty to bring to trial is mandatory.

■ The State argues that the prosecution for this offense could only be commenced through an indictment and that defendant was, in fact, tried within the statutory period following indictment. This is answered in Guthmann v. People, 203 Ill 260, 67 NE 821, where it is said that the statute begins to run from the date defendant is in custody by reason of the service of a warrant, rather than the date of the indictment, for any other rule would permit evasion of the statute by failure to call a grand jury, or a nolle pros, so that the accused could be detained from term to term for want of a pending indictment. See also People v. Tamborski, 415 Ill 466 at 475, 114 NE2d 649; People v. Schmagien, 361 Ill 371, 198 NE 142.

■ The intention of our statute and its predecessor has been expressed in various ways to give a right to discharge upon a want of prosecution, Guthmann v. People, 203 Ill 260, 67 NE 821, and to insure a prompt trial, People v. Bryarly, 23 Ill2d 313, 178 NE2d 326.

■ While the State has not argued the proposition, older cases in this State had held that where the accused was serving a sentence, the statutory period for prompt trial did not commence until discharge from such sentence. People v. Franzone, 359 Ill 391, 194 NE 567. This holding, however, has been criticized as contrary to the weight of authority. People v. Ross, 13 Ill2d 11, 147 NE2d 309; People v. Swartz, 21 Ill2d 277, 171 NE2d

784, and we believe that it has been effectively overruled in People v. Fosdick, 36 Ill2d 524, 224 NE2d 242.

We note the several cases cited by the State. We do not believe that People v. Jones, 33 Ill2d 357, 211 NE2d 261, supports its position. There the defendant contended that the statutory period began to run from the date of the knowledge of the offense. Defendant was tried within the statutory period following the indictment, and the court's opinion states that it could not be ascertained from the record whether the "complaint" was verified and sufficient to support an arrest warrant, or was in the nature of a "report" of the offense, but that, in any event, no warrant was issued and no action taken relating to the charges until the indictment. The facts and holding in People v. Arbuckle, 31 Ill2d 163, 201 NE 2d 102, are essentially similar. The State has cited People v. Lowe, 61 Ill App2d 262, 210 NE2d 31, but we believe that that authority simply points up the issue presented here. In that case defendant was arrested for burglary but was discharged by the magistrate for want of probable cause. At the same time he was sentenced as a narcotics addict. Following his release from such sentence he was extradited under an indictment procured for the original burglary charge. In affirming the denial of a motion for discharge, the court said:

> "In both the constitutional provision and the statute explaining and implementing it, the crucial point is that there be a charge pending against the incarcerated defendant. In the case at bar this was not so."

It is apparent from this record that the charge did continue to pend.

The Supreme Court has repeatedly stated that the statute in issue is designed to implement the constitutional rights and that it contemplates that all means which are available should be used, and that the burden

270

is upon the State to try offenses promptly where the defendant is within the jurisdiction of the State. People v. Moriarity, 33 Ill2d 606, 213 NE2d 516; People v. Bryarly, 23 Ill2d 313, 178 NE2d 326. It is interesting to note that in the latter case defendant was on bond. There had been a delay of several years for disposition of defendant's motions. When the case was set for trial it was discovered that defendant was in prison in another state under a sentence for 8 years. The trial court terminated the bond and directed that a "hold order issue forthwith." In considering defendant's contention that he should have been discharged when returned for trial, the Supreme Court found that there had been a delay of 5 years in trial, attributable to the prosecution, this period presumably being initiated by the termination of the defendant's bond at the time that he was discovered in another state. It was held that the State's failure to employ procedures for extradition for 5 years resulted in a violation of defendant's constitutional rights.

Here the defendant was sentenced to a term of 1 to 5 years at the time the detainer warrant was placed, and it appears that his trial might have been delayed for a period as long as that in Bryarly, despite the fact that the defendant was within the jurisdiction of the State and the operation of chapter 38, § 103–5 (Ill Rev Stats 1963).

■■ We conclude that under the decisions of the Supreme Court, the State's Attorney was under a duty to prosecute the charge through trial within 120 days from the discovery of the whereabouts of the defendant and the concurrent placing of the detainer warrant. We cannot satisfactorily distinguish the failure to serve the warrant in this case from the dismissal of a complaint and the voluntary relinquishment of custody to another agency as in People v. Fosdick, 36 Ill2d 524, 224 NE2d 242; People v. Patheal, 27 Ill2d 269, 189 NE2d 309; People v. Swartz, 21 Ill2d 277, 171 NE2d 784. To say that

defendant, although within the jurisdiction of the State, is not in custody upon the arrest warrant issued in Morgan County but voluntarily withheld from service, supports a fiction and authorizes evasion of the constitutional and statutory provisions for prompt trial, and would limit, if not completely thwart, the preparation of a possible valid defense to the charge.

The judgment of the trial court is affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.