THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SYLVESTER VAUGHN, Defendant-Appellant.

(No. 71-7;

Fifth District—February 25, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, (Kenneth L. Jones, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

On March 12, 1969, the defendant was arrested, charged with the theft of a taxicab in St. Clair County and given two traffic tickets. On March 18, 1969, he was admitted to bail on the theft charge and on May 9, 1969, he was indicted for theft and a *capias* prepared. During the middle of May, he was picked up by the Chief Adult Probation Officer for the Twentieth Judicial Circuit and taken to the Randolph County jail

to await a probation revocation hearing on a previous conviction in Randolph County. On May 15, the theft charge in St. Clair County was called on the arraignment docket and, since the defendant was not present, his bond was forfeited. A bench warrant was issued on May 19 on the St. Clair County charge. On May 23, the defendant's probation in Randolph County was revoked and he was sentenced to six months in the State Penal Farm. On May 28, a letter was sent from the St. Clair County Sheriff to the Penal Farm, containing two bench warrants and a *capias* to be lodged as detainers against the defendant, in which it was requested that the St. Clair County Sheriff be advised when defendant was to be released so deputies could be sent for him. On October 24, 1969, the defendant was released from the Penal Farm and was picked up by officials of St. Clair County and taken to the St. Clair County jail, where he remained until his trial on December 9, 1969, when he was found guilty and sentenced a minimum of seven and a maximum of ten years. The *Capias* and Bench Warrant reflect service on October 24, 1969, and defendant testified that no papers were served on him at the Penal Farm, although Penal Farm authorities advised him he would be picked up by St. Clair County authorities when he completed his time there.

On November 20, 1969, defendant filed his motion for discharge pursuant to Ch. 38, par. 103—5, Ill.Rev'd. Statutes. In denying the motion for discharge the trial court stated that he was relying upon Ch. 38, § 103—5(e), the pertinent part of which provides:

"(e) If a person is simultaneously in custody upon more than one charge pending against him in the same county, or simultaneously demands trial upon more than one charge pending against him in the same county, he shall be tried or adjudged guilty after waiver of trial, upon at least one such charge before expiration reltative to any of such pending charges of the period prescribed by subparagraphs (a) and (b) of this Section."

The State has not argued that this section is applicable to the facts of this case; rather, the State argues that the defendant was tried within the required 120 days, by computing the period from the date the defendant was returned to St. Clair County.

The critical question, then, is on what date the 120-day period started. The defendant argues that § 103—5(e) is inapplicable to the facts of the case since there was only one charge pending against the defendant in any county. He further argues that the critical date is when "the warrants were *lodged* against the defendant". This would appear to be the time when the warrants and *capias* were received at the Penal Farm as detainers against him, May 29. If so, the period would be 195 days.

Computing from October 24, there would only be a delay of 47 days.

The defendant bases his argument on *People v. Gray* (1967), 83 Ill.App.2d 262, 227 N.E.2d 159. In that case, the defendant was convicted in Green County and was serving a sentence of one to five years at Menard. On September 7, 1965, a complaint was filed and a warrant of arrest was issued in Morgan County. On October 26, 1965, Morgan County officials discovered the defendant was at Menard and placed a detainer warrant with the warden at Menard for the arrest of the defendant. On May 25, 1966, the defendant was indicted in Morgan County and, on July 8, the State's Attorney procured a writ of *habeas corpus ad prosequendum*. On July 21, the trial court considered the defendant's motion for discharge and dismissed the charge. The State appealed. The appellate court affirmed the trial court. The court reviewed those Illinois cases which had held that the State would not be permitted to evade the right of an accused to a speedy trial, *People v. Fosdick* (1967), 36 Ill.2d 524, 224 N.E.2d 242; *People v. Patheal* (1963), 27 Ill.2d 269, 189 N.E.2d 309; *People v. Swartz* (1961), 21 Ill.2d 277, 171 N.E.2d 784, and held that the "statute begins to run from the date defendant is in custody by reason of the service of a warrant, rather than the date of the indictment * * *". The court concluded by holding, 227 N.E.2d 163-4:

"We conclude that under the decisions of the Supreme Court, the State's Attorney was under a duty to prosecute the charge through trial within 120 days from the discovery of the whereabouts of the defendant and the concurrent placing of the detainer warrant. We cannot satisfactorily distinguish the failure to serve the warrant in this case from the dismissal of a complaint and the voluntary relinquishment of custody to another agency * * *. To say that defendant, although within the jurisdiction of the State, is not in custody upon the arrest warrant issued in Morgan County but voluntarily withheld from service, supports a fiction and authorizes evasion of the constitutional and statutory provisions for a prompt trial, and would limit, if not completely thwart, the preparation of a possible valid defense to the charge."

The opinion also points out that, in reply to questions during oral argument, counsel seemed to agree that the warrant was an arrest warrant which was not served promptly, but held by administrative authorities to be served at the time of the defendant's release. The court also noted that this practice appears to be a matter of comity and cooperation between law enforcement officials performed without statutory or other authority.

The defendant also cites *People v. Bryarly* (1961), 23 Ill.2d 313, 178

N.E.2d 326, which did not rely upon par. 103—5, but rather the Constitutional right to a speedy trial. The Court reviewed the statutes implementing the constitutional right and held that an eight-year delay between indictment to trial was an unreasonable delay; in that case the prosecution knew where the defendant was and could have initiated proceedings to return him from Ohio to Illinois.

Both cases which the defendant cites, and those cases cited in the *Gray* case, place upon the prosecution the duty to take affirmative steps to bring a defendant to trial when they know where he is being held in custody.

A case not cited in the briefs, *People v. Nettles* (1969), 107 Ill.App.2d 143, 246 N.E.2d 29, involved a defendant, who was convicted of an offense in Iroquois County. Two months after the commission of the offense for which he was convicted, he was arrested in Vermillion County, held for 2 weeks, and released. Within fifteen minutes of his release, he was again arrested on a charge in Champaign County. He remained there until released on bail, approximately three months later. Before he left the courtroom, he was again arrested by Iroquois County officials, who charged the defendant with the offense of which he was convicted about three months later. He appealed from the conviction on the theory that he had not received a speedy trial. The court held initially that, to toll the 120-day period, the defendant must have a criminal charge pending against him. Further, an arrest, even without a complaint, information, or indictment, will toll the requirement if the arrest is in connection with the charge for which he was later prosecuted. The court held that knowledge of an offense, without more, is not sufficient to start the running of the statute, if the defendant was incarcerated on an unrelated charge. The court then considered whether the indictment and issuance of a warrant was sufficient to start the period. It determined that "there is nothing in the record to show that the Iroquois County authorities knew that the defendant was in the Champaign County jail or that they ever placed a "detainer warrant" or "hold order" with anyone directing that the defendant be held for the crime for which he was subsequently prosecuted in Iroquois County". In light of these determinations, it held that the statute was not tolled until the warrants were actually served.

This decision and the previous cases set the boundaries for determining when the statute began to run. Here, the prosecution knew that the defendant was in the Penal Farm and in fact sent a letter to the Penal Farm, containing the warrants and a *capias* to be held as a detainer of the defendant, and the period began on the day the letter was received.

The State relies upon *People v. Clark* (1969), 104 Ill.App.2d 12, 244

N.E.2d 842, in arguing that the 120-day period began on the date the warrants were served. That case, however, is inapplicable to the present case, since there the defendant was subject to pending charges in two counties. He was released to Peoria County for trial. On the day of trial, the Rock Island County State's Attorney sent a copy of a bench warrant to the Peoria sheriff, intending it as a detainer warrant. Subsequently the defendant was returned to Rock Island County and tried. He argued that the period from his initial arrest until trial exceeded 120 days. The prosecution argued that the placing of the detainer warrant started the period and that, from this date, less than 120 days elapsed until trial. The court discussed at length the problem where a defendant is subject to pending charges in two counties. The court held that "Where, as here, a defendant is in custody awaiting trial in one county and there is a charge pending against him in another county, we believe he cannot be deemed to be in custody for the latter offense until such time as the proceedings against him in the first county are terminated and he is then either returned to, or held in custody for, the second county". This decision is inapplicable because, in the present case, the defendant was not facing pending proceedings against him in two counties. His probation had been revoked in Randolph County on May 23 and he was serving a sentence from May 23 to October 24, on the Randolph County conviction. The reasoning of the *Gray* and *Nettles* cases is here applicable.

We therefore conclude that the court erred in denying the motion for discharge, and reverse the conviction.

Judgment reversed.

MORAN and CREBS, JJ., concur.