(No. 36659.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARCHIE BLAKEMAN PATHEAL, Plaintiff in Error.

*Opinion filed March 22, 1963.*

SHELDON KARON and LAURANCE P. NATHAN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and RALPH D. GLENN, State's Attorney, of Charleston, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Coles County found the defendant, Archie Patheal, guilty of armed robbery, and he was sentenced to the penitentiary for a term of not less than five nor more than twenty-five years. On this writ of error he contends that he was deprived of his right to a speedy trial, and that his guilt was not proved beyond a reasonable doubt. We reach only the first of these contentions.

The facts concerning the defendant's incarceration were

stipulated. He was arrested on August 20, 1959, on a warrant issued by a police magistrate of the city of Mattoon in Coles County. This warrant charged the same offense of armed robbery of which he was convicted. On September 4, 1959, there was a preliminary hearing before the police magistrate and the defendant was ordered held to await the action of the grand jury. On December 8, 1959, the State's Attorney telephoned the police magistrate and made an *ex parte* request that the pending charge be dismissed. The police magistrate agreed to dismiss the charge, but no order of dismissal was ever entered. On December 11, the defendant was delivered into the custody of a State parole agent under a warrant charging him with violation of parole, and he was taken from the county jail to the penitentiary at Menard, Illinois. The indictment in the present case was returned by the grand jury of Coles County on December 15, 1959. The defendant was discharged from the penitentiary on January 21, 1960, and was immediately taken into custody by the sheriff of Coles County on a warrant issued under the indictment, and he remained in custody continuously until February 23, 1960, when he filed his motion for discharge for want of prosecution. That motion was heard and denied on March 4, 1963.

Section 18 of division XIII of the Criminal Code (Ill. Rev. Stat. 1959, chap. 38, par. 748) provides: "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, * * *." The defendant argues that it was error to deny his motion for discharge because when that motion was made on February 23, 1960, he had already been continuously confined for a period well in excess of the statutory four months.

To sustain the ruling on the motion for discharge the People advance two arguments. They first assert that because the defendant was at large on parole when he was arrested on August 20, 1959, he was in the custody of the Department of Public Safety, and "was not at liberty and no court then had the power to set him at liberty from that custody. Not until January 21, 1960, was that custody terminated and not until that date did Coles County acquire legal custody of him. Defendant was afforded his trial within four months of January 21, 1960."

This argument is not persuasive. The fact is that the defendant was arrested and confined in the county jail of Coles County, by the legal authorities of Coles County, upon the charge here involved, from August 20, 1959, until December 11, 1959. Fiction would supplant fact if we were to say that this entire period of confinement, just nine days short of the statutory four months, is to be disregarded on the ground that Coles County had no legal authority to put the defendant in jail because he was technically within the custody of the Department of Public Safety. The constitutional right to a speedy trial does not depend upon such technicalities.

The People's second argument is based upon a literal reading of section 1 of "An Act to bar certain actions for want of prosecution," which provides: "Whenever any person has entered upon a term of imprisonment in any penitentiary of this State, and whenever during the continuance of the term of imprisonment there is pending in the county in which he was sentenced any other indictment or information against the prisoner, * * * such untried cause shall be barred for want of prosecution if the prisoner is not brought to trial within 4 months after the date of incarceration for the prior conviction * * *." Ill. Rev. Stat. 1961, chap. 38, par. 633.1.

Before this statute was enacted in 1957, this court had held that the time spent in prison on one charge would

not be counted in computing the period of delay involved in bringing the defendant to trial upon a different charge. We pointed out in *People* v. *Ross,* 13 Ill.2d 11, 13, that this holding was contrary to the almost uniform current of authority throughout the country, and in *People* v. *Swartz,* 21 Ill.2d 277, 281-2, we stated that the statute "was clearly intended to afford prisoners the right to a speedy trial and to overcome our previous decisions in *People* v. *Franzone,* 359 Ill. 391; *People* v. *Kidd,* 357 Ill. 133; *People* v. *Lukoszus,* 242 Ill. 101, and *Gillespie* v. *People,* 176 Ill. 238, * * *."

The statute refers specifically to an indictment that is pending in the county from which the defendant was sentenced to the penitentiary. In this case the defendant had been sentenced to the penitentiary from another county, and the People argue that the statute does not apply, and that the case is to be decided on the basis of those earlier decisions that the statute sought to correct.

It is true that the statute does not precisely cover the present case. It does not follow, however, that the delay in this case was justified. Whatever may be the reason for the statutory limitation to a single county, in this case the prosecuting authorities of Coles County were at all times aware of the defendant's whereabouts. They took no action of any kind until December 8, when only 12 days of the statutory four-month period remained. The effort then was not to expedite his trial, but rather to bring about his discharge from arrest. The reason for this step does not appear, but certainly it does not suggest a recognition of the defendant's right to a prompt trial. When he was at last indicted on December 15, only five days of the statutory period remained. No effort was made to bring him from the penitentiary to stand trial. He was not brought back until he was discharged from the penitentiary on January 21, 1960. Even if the period of one month and 10 days that the defendant spent in the penitentiary is excluded from

consideration, he was still held by the authorities of Coles County, without a trial, for a period just short of five months. In the circumstances of this case, we see no reason to divide the total time spent in jail without a trial into two separate periods of incarceration, one of three months and 21 days and the other of one month and 2 days.

The judgment of the circuit court of Coles County is reversed.

*Judgment reversed.*