The People of the State of Illinois, Plaintiff-Appellee, *v.* Gary Daily, Defendant-Appellant.

(No. 12784;

Fourth District—July 17, 1975.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant was convicted in the Circuit Court of Sangamon County of the offense of armed robbery and sentenced to imprisonment in the penitentiary for a term of not less than 12 years nor more than 36 years. Defendant appeals on the grounds that he was deprived of his right to a speedy trial as implemented by the 120-day rule of Section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5), that his purported waiver of indictment did not comply with the requirements of Supreme Court Rule 401(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 401(b)), that he was denied his right to a prompt preliminary hearing as guaranteed by article I, section 7, of the Illinois Constitution of 1970, and that the sentence is excessive.

Section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5) requires that "[e]very person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *." The facts surrounding defendant's claim that the 120-day rule was violated were stipulated by the parties. Defendant was arrested for armed robbery on August 17, 1973. He posted bond on September 5, 1973, and was released. On September 7, 1973, he was arrested for parole violation since he was on parole for burglary at the time of the alleged commission of

the armed robbery. He remained in custody until December 13, 1973. On that date the parole warrant was withdrawn, and defendant moved for return of his bond money on the armed robbery charge, which was granted. The prosecution then moved to have defendant released on his own recognizance even though defendant refused to sign the recognizance bond. The motion was granted, and defendant was released. The trial was set for January 14, 1974. There was an interval of 129 days between September 7, 1973, and January 14, 1974. Defendant's motion to dismiss on the basis of the 120-day rule was denied.

■■ In order to be discharged under the 120-day rule, the defendant must have been in custody in connection with the charge for which he was subsequently tried. (*People v. Nettles*, 107 Ill.App.2d 143, 246 N.E.2d 29.) A threshold question in the instant case is whether defendant's detention on the parole warrant beginning on September 7 is to be considered as detention on the armed robbery charge for purposes of the 120-day rule. In *People v. Patheal*, 27 Ill.2d 269, 189 N.E.2d 309, this same issue was raised but not decided. In that case, which reversed a conviction for armed robbery, as the opinion pointed out:

> "Even if the period of one month and 10 days that the defendant spent in the penitentiary [on the parole warrant] is excluded from consideration, he was still held [on the armed robbery charge] by the authorities of Coles County, without a trial, for a period just short of five months." 27 Ill.2d 269, 272-273, 189 N.E.2d 309, 311.

In the instant case, the parole warrant and the armed robbery charge were closely intertwined. The parole warrant clearly resulted from defendant's arrest for armed robbery. No action (other than a probable cause hearing) was taken on the violation of parole charge until after defendant had been indicted on the armed robbery charge. Then the parole warrant was withdrawn. At the time of the indictment, defendant had already been held for 90 days on the parole warrant.

Nevertheless, defendant was on bond on the armed robbery charge at the time he was taken into custody on the parole warrant and remained on bond on the armed robbery charge until he asked for return of his bond money. An armed robbery charge and a parole warrant are not interchangeable, and we conclude that defendant's detention on the parole warrant did not trigger the 120-day rule.

However, assuming arguendo that the arrest for parole violation is sufficiently connected to the armed robbery charge to be counted in the running of the 120-day rule, defendant concedes that he was released from custody before the expiration of the 120-day period. The question then is whether his release tolled the running of the 120 days.

In *People v. Gooding*, 21 Ill.App.3d 1064, 316 N.E.2d 549, this court discharged a defendant who had been held for 118 days and then released by the sheriff without authorization by the court, stating that:

> "It is clear that this release was an effort by the authorities to circumvent the prophylactic effect of the 120-day rule. This attempt to evade the technical effects of the rule cannot be countenanced.
>
> The release of any defendant must be accomplished in an orderly and legitimate manner. It is an absurd argument that a defendant can be incarcerated for a period of time only to be released upon the caprice of the sheriff or the State's attorney in order to avoid the 120-day rule. To sanction such conduct would amount in rendering section 103—5 meaningless." 21 Ill.App.3d 1064, 1067, 316 N.E.2d 549, 551.

In the instant case defendant was released from custody after having been held for approximately 97 days on the parole warrant. At the time of the withdrawal of the parole warrant he was free on bond on the armed robbery charge. He then asked for and received the return of his bond money. The State then moved to release defendant from custody without bond. Both of these actions were maneuvers aimed at the 120-day rule. After hearing argument on both sides, the court authorized defendant's release.

Thus, the instant case differs from *Gooding* in several important respects. Here defendant was released after 97 days rather than 118 days and his release was authorized by the court. Moreover, as the trial court indicated, here defendant took affirmative action to remain in custody in order to bring himself within the 120-day rule. Had he not asked for return of his bond money, he would have been automatically released when the parole warrant was withdrawn. We therefore conclude that the 120-day rule was not violated.

■■ Article I, section 7, of the Illinois Constitution of 1970 provides that:

> "No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

In the instant case, defendant was never given a preliminary hearing on the armed robbery charge for which he was subsequently convicted, but this issue was not raised in the trial court. Defendant was first held for 20 days on the armed robbery charge, then released for 2 days after he made bond, and then rearrested and held for 91 days on a parole war-

rant before being indicted on the armed robbery charge. Defendant argues that the lack of a preliminary hearing is plain error.

Since defendant's brief was filed the Illinois Supreme Court has decided *People v. Howell*, 60 Ill.2d 117, 324 N.E.2d 403, where, in holding that the lack of a prompt preliminary hearing was not plain error, the court stated:

> "Under the facts of this case we do not feel that the denial of this right deprived the accused of a substantial means of enjoying a fair and impartial trial. Nor do we consider that the evidence is closely balanced." (60 Ill.2d 117, 121, 324 N.E.2d 403, 405.)

The defendant in *Howell* was identified by three witnesses as a man who had attempted to rob a tavern. Although the defendant claimed that he wasn't armed, there was evidence that shots were exchanged with the owner, who was armed with a shotgun. The next day the defendant was treated for shotgun wounds.

In the instant case, defendant was identified by the owner of the liquor store which was robbed in a line-up. According to eyewitnesses, the man who robbed the store wore a stocking mask and carried a small caliber pistol. A stocking was later found outside the store. Defendant was stopped while driving his car, which matched the description of the car seen leaving the scene of the robbery. A stocking was found in the car which matched the one found outside the liquor store. Also found in the car was .22 caliber ammunition. Approximately $77 in ones, fives, and tens were taken in the robbery. When defendant was arrested about 1 hour after the robbery he was carrying 2 $10 bills, 7 $5 bills, and 21 $1 bills—a total of $76. Thus the evidence here is not closely balanced either.

The *Howell* opinion also included the following dictum:

> "We consider the delays in giving an accused a prompt preliminary hearing to be a serious deprivation of his constitutional rights and we are deeply concerned about the number of cases in which an accused has not had a prompt probable-cause determination. We consider this a subject for appropriate legislative action and we strongly urge the General Assembly to consider the prompt implementation of this constitutional provision." (60 Ill.2d 117, 122, 324 N.E.2d 403, 405-06.)

While this statement expresses serious concern over the problem of denial of the right to a prompt preliminary hearing it also reflects a reluctance of the court to discharge defendants as a sanction and a search for an alternative remedy.

Defendant also argues that Supreme Court Rule 401(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 401(b)) was violated in that the trial court did not

properly admonish him before accepting his waiver of indictment. The record shows that defendant waived indictment in open court in the presence of counsel after admonishments were given. He contends, however, that he was not sufficiently informed by the court of the right to be tried only after indictment.

■■ The State argues that this issue was waived by defendant's failure to raise it below. The issue was not raised in defendant's motion for a new trial. The general rule is that the failure of a defendant to raise an issue in his written motion for a new trial constitutes waiver of that issue, even when the issue involves a constitutional right (*People v. Pickett,* 54 Ill.2d 280, 282, 296 N.E.2d 856, 857-58). However, defendant asserts that the issue was raised by his motion in arrest of judgment. That motion did not mention any possible violation of Rule 401(b) but alleged that the indictment did not charge an offense and that the court did not have jurisdiction of the case. Oral argument on the motion in arrest of judgment by defendant's counsel did not mention any violation of Rule 401(b). As the court was ruling on the motion in arrest of judgment, defendant's counsel stated:

> "I do not attack the fact that an information has been filed. I only state that the information did not waive that privilege that the information does not state facts upon which the defendant can be or legal elements that the defendant can be sentenced. If we could substitute the word information does not state a crime, that's what I mean to say, your Honor. I'm not attacking the fact that we were tried by information, I'm attacking the fact that the information in and of itself *is* insufficient."

The above comment clearly indicates that defendant's trial counsel was not challenging the waiver of indictment in the motion in arrest of judgment. Under these circumstances we conclude that defendant has waived consideration of this issue on appeal.

Defendant's final contention is that the sentence of imprisonment in the penitentiary for a term of not less than 12 nor more than 36 years is excessive. Under the Unified Code of Corrections the minimum term for a Class 1 felony, which includes armed robbery, "shall be 4 years unless the court, having regard to the nature and circumstances of the defendant, sets a higher minimum term." Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(2).

■■ Thus, the question presented is whether the circumstances of the instant case justify a minimum sentence of 12 years. Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(4)) authorizes reviewing courts to reduce sentences which are manifestly excessive. However, "such authority should be applied with considerable caution

and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals." (*People v. Taylor*, 33 Ill.2d 417, 424, 211 N.E.2d 673, 677.) Defendant had two prior convictions for burglary and was on parole at the time of his arrest for armed robbery in this case. In view of defendant's prior criminal record and the serious nature of the offense, we do not consider the sentence to be unjustified. We also note that the sentence is consistent with the A.B.A. recommendation that, in order to provide an incentive for rehabilitation, the minimum term should be no greater than one-third of the maximum term. *A.B.A. Standards Relating to Sentencing Alternatives and Procedures* (Approved Draft 1968).

The judgment of the Sangamon County circuit court is affirmed.

Judgment affirmed.

SIMKINS, P. J., and TRAPP, J., concur.