192

THE STATE, EX REL. ATKINS, APPELLANT, *v.*
DENTON, DIR., ET AL., APPELLEES.

[Cite as State, ex rel. Atkins, v. Denton (1980),
63 Ohio St. 2d 192.]

(No. 80-279—Decided July 16, 1980.)

*Mr. J. Tullis Rogers,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Dennis L. Sipe,* for appellees.

*Per Curiam.* Appellant urges that the want of notice as to the conspiracy to commit robbery charge prior to the revocation hearing does not meet the "written notice of the claimed violations of parole" standard of *Morrissey* v. *Brewer* (1972), 408 U.S. 471, 489. Appellant's argument is limited to the want of notice of the conspiracy charge and is not directed to the *Morrissey* requirement of "disclosure to the parolee of evidence against him."

Appellant's reliance on the want of written notice as to the conspiracy to commit robbery charge does not consider his having, with counsel, successfully defended against the criminal charge of conspiracy to rob the same Johnny's Rib House on the same date as set forth in the robbery charged in the revocation notice rendered to him. Moreover, appellees' Exhibit "A" submitted below, the letter dated August 16, 1979, summarizing the evidence relied on and reasons for parole revocation, reflects that appellant was represented by counsel at least two weeks in advance of the revocation hearing and that as a part of his defense at the revocation hearing he "* * * submitted a form of the jury foreman that Atkins was acquitted of the charge of Conspiracy to commit robbery in that Brown was not held to be a credible witness." Additionally a member of the criminal jury that sat on the conspiracy case was called on appellant's behalf relative to appellant's acquittal of conspiracy at criminal trial. Appellant has not shown

either prejudice or lack of opportunity to defend relative to the conspiracy to commit robbery charge under the circumstances herein, which include written notice of the identical robbery which the Parole Board found he conspired in. Appellant's reliance on *United States, ex rel. Carson,* v. *Taylor* (C.A. 2, 1976), 540 F. 2d 1156, is misplaced in that, there, the impermissible trips, known by the parole board in advance of revocation hearing, were not charged or related to other charged offenses but were developed at the revocation hearing. Here, contrasted with *Carson,* there is no similar element of surprise so as to restrict either merit defense or mitigation.

The written statement of the evidence relied on and reasons for revocation unquestionably was unreasonably late. However, the only reflection appellant casts upon the written summarization is that it is suspect because it was rendered some 14 months after the hearing. Absent a showing of substantive inaccuracies or deficiencies, it is difficult to see how appellant has been prejudiced by late compliance with this *Morrissey* requirement in light of our finding of adequate notice as to the conspiracy charge. Moreover, appellant's Exhibit "7" of the stipulated exhibits, being an unofficial transcript of the Parole Board's findings, though not an evidentiary summarization, was presented to appellant at the conclusion of the revocation hearing. Subsequent thereto, by written notification of June 30, 1978, appellant was advised of his parole revocation.

For reason of the foregoing, the judgment of the Court of Appeals, denying the writ, is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.