THE STATE OF OHIO *v.*
JONES, A.K.A. HORDGES.

(No. 83-CR-5254—Decided
December 19, 1983.)

Court of Common Pleas of
Clermont County.

*Mr. Vincent Faris,* for plaintiff.
*Ms. Priscilla O'Donnell,* for defendant.

RINGLAND, J. An indictment against defendant charging complicity to illegal processing of drug documents was filed on August 3, 1983, citing violations of R.C. 2923.03(A)(2) and 2925.23(B)(1).

On November 16, 1983 defendant filed a motion to dismiss, alleging that the state had denied his right to a speedy trial by failing to observe the requirements of R.C. 2945.71 *et seq.,* requiring his trial within ninety days of arrest under the triple-count provision of R.C. 2945.71(E). Defendant had been arrested initially on July 25, 1983 on the aforementioned charges. Several days later, on or about August 12, 1983, the Adult Parole Authority lodged a detainer against the defendant pursuant to Ohio Adm. Code 5120: 1-1-31 charging a violation of parole conditions. The *raison d'etre* for the lodging of the detainer was the filing of the charge of complicity under R.C. 2923.03 (A)(2) and 2925.23(B)(1) against defendant. Defendant asserts that under the triple-count rule of the speedy trial statute, R.C. 2945.71, defendant had been held three hundred thirty-six days or sixty-six days beyond the statutory limit as of November 14, 1983. The thrust of defendant's argument is that defendant has been held in jail in lieu of bond solely on the pending charge of complicity so that the ninety-day triple-count provision for speedy trial under R.C. 2945.71 is implicated; defendant asserts that the parole holder or detainer does not constitute a separate "charge" apart from the underlying charge of complicity, but rather is merely "an administrative device to restrict movement of parolees if they are subsequently convicted," and, therefore, defendant is not being held on more than one offense but rather in lieu of bail on the complicity charge only.

The state has countered with the argument that an allegation of a parole violation constitutes a separate charge against defendant, and, therefore, that a detainer is more than a mere administrative device to temporarily constrain a parolee; the state asserts that the decision of *State* v. *Martin* (1978), 56 Ohio St. 2d 207 [10 O.O.3d 369], should be extended to cover the situation in the instant matter.

In *Martin,* defendant, a probationer, was indicated for breaking and entering and grand theft. A detainer was filed the same day of defendant's arrest on the above-mentioned charges, the basis of which detainer was these new felony charges. Defendant's trial was held after the expiration of ninety days, whereupon a motion to dismiss for lack of speedy trial under R.C. 2945.71 was filed and overruled. The court of appeals reversed.

On appeal to the Supreme Court,

defendant Martin urged that the triple-count ninety-day provisions of R.C. 2945.71 to 2945.73 had been violated; Martin advanced a substantially similar argument to that advanced by defendant in the instant matter — that because the alleged probation violation was premised on a claim dependent upon a determination of the criminal charges there would be no conduct upon which a revocation could be based if a dismissal or acquittal on the criminal charges should occur.

The *Martin* court rejected the defendant's argument finding that "[t]he mere fact that * * * [defendant's] activity was criminal and, therefore, also a violation of his probationary restrictions does not inextricably intertwine these two proceedings * * *." *Id.* at 210. The court, citing *State* v. *MacDonald* (1976), 48 Ohio St. 2d 66 [2 O.O.3d 219], held that where a defendant is being held on a probation violation as well as on the pending criminal charge, the defendant is not being held solely on the .pending charge so that the triple-count ninety-day provision of R.C. 2945.71 is not implicated.

In reaching this conclusion the *Martin* court noted that a majority of states which have addressed the issue have found that an acquittal in a criminal prosecution does not preclude parole or probation revocation based upon the same charge. The court, in support, cited *In re Coughlin* (1976), 16 Cal. 3d 52, 127 Cal. Rptr. 337, 545 P.2d 249; *Brimhall* v. *Turner* (1972), 28 Utah 2d 321, 502 P.2d 116; and *Standlee* v. *Smith* (1974), 83 Wash. 2d 405, 518 P.2d 721.

The issue presented in this cause is one of first impression in Ohio; that is, whether the triple-count provision is applicable where a defendant is held upon a parole violation as well as upon the underlying criminal charge which forms a basis for the alleged parole violation. We find that the state's position that the *Martin* decision should be extended to *parole* detainers and holders is well-taken.

While no Ohio court has held that a parole violation and an underlying criminal charge are separate offenses so as not to trigger the triple-count ninety-day rule, at least one other state court in construing a speedy trial statute substantially similar to Ohio's has held that a parole violation and an underlying criminal offense, while "closely intertwined," are *not* "interchangeable," so as to mandate the computation of speedy trial time via a shorter period of time when defendant is in custody.

In *People* v. *Daily* (1975), 30 Ill. App. 3d 413, 332 N.E.2d 146, the Appellate Court of Illinois was called upon to decide the issue.[1] The Illinois speedy trial statute, Ill. Rev. Stat. Ch. 38, Section 103-5 (1973), provides that where a person is in custody for an alleged offense he must be tried within one hundred twenty days from the date of his arrest; in other cases, the trial must be had within one hundred sixty days. Previous Illinois case law had determined that in order for the one hundred-twenty day rule to be triggered the defendant must have been in custody in connection with the charge for which he was subsequently tried. *People* v. *Nettles* (1969), 107 Ill. App. 2d 143, 246 N.E. 2d 29 (cited in *Daily, supra,* at 147). In *Daily* the court held that while a parole violation and a criminal offense which forms the basis for the potential violation are "closely intertwined," they are indeed separate charges, not "interchangeable," so that a person in custody on a parole detainer or holder is not in custody in connection with the charge for which he is subsequently tried; therefore, custody on a parole holder does not implicate the lesser speedy trial time of one hundred twenty days under the statute. While several other states had enacted statutory schemes similar to those of Ohio and Illinois, *e.g.,* Mass. Gen. Laws Ann. Ch. 277, Section 72 (1968); Nev. Rev. Stat. Section 178.495 (1971); N.C. Gen. Stat. Section 15-10 (1965) (each cited in Notes [1974], The Right to a Speedy Trial: Ohio Follows the Trend, 43 U.Cin.L.Rev. 610,

617), case law construing these statutes has not addressed the precise issue considered herein and in the *Daily* case.

Drawing upon the analysis of the *Martin* decision and upon the persuasive authority of the *Daily* and *Nettles* cases (see, also, *State, ex rel. Williams,* v. *Eastmoore* [Fla. App. 1974], 297 So.2d 572) (a detainer does not operate to place a person against whom it is issued in custody as a result of and as to the conduct which gives rise to the detainer, as regards the speedy trial rule, Fla. R.Crim. P. 3.191), this court holds that a parole violation and the underlying criminal offense, while closely related, are indeed separate offenses. Therefore, where a defendant is in custody on a parole holder in addition to being in custody on the underlying criminal offense, as in the instant matter, the triple-count provision of R.C. 2945.71(E) is not implicated. A defendant being held as such is not being held in lieu of bail *solely* on the pending charge within the meaning of *State* v. *MacDonald, supra.*

In connection with this holding this court notes that an Ohio Court of Appeals in *State* v. *Mingua* (1974), 42 Ohio App. 2d 35 [71 O.O.2d 234], held that the quantum of evidence required to support a revocation of probation or parole may not be the typical " 'beyond a reasonable doubt' " standard simply utilized in criminal actions, but rather is "evidence of a 'substantial' nature." *Id.* at 40. Additionally, as counsel for the state aptly pointed out, *State, ex rel. Atkins,* v. *Denton* (1980), 63 Ohio St. 2d 192 [17 O.O.3d 118], supports the concept that a defendant may be found in violation of parole on the same facts upon which he was acquitted at trial. These cases, read in tandem, undercut defendant's implicit argument that the parole holder is of consequence only should defendant be convicted on the pending charge, and of no consequence should an acquittal or dismissal result; therefore, the defendant in essence is in custody only for the pending charge. A variation of this argument, as mentioned above, was rejected in *State* v. *Martin, supra,* and we find no support in any other case law which might lead to digress from *Martin's* sound analysis.

Accordingly, defendant's motion to dismiss is not well-taken and is overruled.

*Motion to dismiss overruled.*