The STATE of Ohio, Appellee,

v.

JONES, Appellant▮

[Cite as *State v. Jones* (1992), 81 Ohio App.3d 348.]

Court of Appeals of Ohio,
Portage County.

No. 91–P–2363.

Decided June 14, 1992.

David W. Norris, Portage County Prosecuting Attorney, and *Eugene L. Muldowney*, Assistant Prosecuting Attorney, for appellee.

*Peter O. Stackelberg*, for appellant.

---

NADER, Judge.

This matter is before the court on appeal from the Portage County Court of Common Pleas. Defendant-appellant, William T. Jones, is appealing his conviction for robbery. Appellant assigns two errors:

"1. The trial court erred by overruling defendant-appellant's motion to dismiss pursuant to R.C. 2945.71 and R.C. 2945.73.

"2. The trial court abused its discretion in overruling defendant-appellant's motion for a new trial."

Appellant bases his first assignment of error upon the following facts: he was arrested on February 7, 1991, on a charge of robbery; a parole violation holder was issued on the day of appellant's arrest; the robbery charge was dismissed without prejudice at a preliminary hearing on February 19, 1991; appellant remained in jail after the dismissal of the robbery charge; appellant was indicted for robbery on March 15, 1991; he was arraigned on March 21,

1991, and bond was set at $5,000 cash but appellant remained in jail; appellant filed his motion to dismiss on June 7, 1991, and trial was held on June 11, 1991.

█ Appellant, in his first assignment of error, contends that the triple-count provision of R.C. 2945.71(E) applied to him, and that the state's failure to bring him to trial within ninety days necessitated a dismissal of the charges against him.

Generally, a person who has been charged with a felony must be brought to trial within two hundred seventy days. R.C. 2945.71(C)(2). This rule is modified by R.C. 2945.71(E), which states, in pertinent part:

"[E]ach day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * * "

The Supreme Court has interpreted this language (in former R.C. 2945.-71[D]) to be "applicable only to those defendants held in jail in lieu of bail *solely* on the pending charge." (Emphasis added.) *State v. Kaiser* (1978), 56 Ohio St.2d 29, 10 O.O.3d 75, 381 N.E.2d 633, at paragraph two of the syllabus; *State v. McDonald* (1976), 48 Ohio St.2d 66, 2 O.O.3d 219, 357 N.E.2d 40.

In *State v. Martin* (1978), 56 Ohio St.2d 207, 10 O.O.3d 369, 383 N.E.2d 585, the court determined that a defendant who was arrested for breaking and entering and grand theft, and was also held in jail on a probation violation holder which had been issued as a result of the defendant's arrest, was not in jail *solely* on the criminal charges. Consequently the triple-count provision did not mandate that the defendant be brought to trial within ninety days of his arrest and incarceration.

Appellant seeks to distinguish *Martin* on the basis that he was held on a parole violation holder, as opposed to a probation violation holder. In support of this contention, appellant cites *State v. Sisco* (June 28, 1982), Fairfield App. No. 2–CA–82, unreported, 1982 WL 5462.

In *Sisco*, the Fifth District Court of Appeals sought to distinguish the case before it from *Kaiser* and *McDonald, supra*, on the grounds that a parole holder is not a separate criminal charge. The court reasoned that the defendant could not resolve the administrative matter (*i.e.*, the parole holder) until the criminal case is resolved. See, also, *State v. Reynolds* (Mar. 10, 1987), Washington App. No. 86–CA–10, unreported (Grey, J., dissenting), 1987 WL 7589. The *Sisco* court did not cite *Martin, supra*.

While the *Sisco* court's rationale may be true as a practical matter, it does not follow that a defendant is consequently being held "solely" on the criminal charge. A conviction on the criminal charge for which a defendant has been arrested is *not* a mandatory prerequisite to the Parole Board's revocation of

parole. See *State ex rel. Atkins v. Denton* (1980), 63 Ohio St.2d 192, 17 O.O.3d 118, 406 N.E.2d 1390 (parolee acquitted of criminal charges, but facts underlying charges were subsequently used to revoke parole); *State v. Jones* (1983), 12 Ohio Misc.2d 15, 17, 12 OBR 424, 426, 467 N.E.2d 577, 579. The burden of proof in a parole revocation proceeding is less than that in criminal trials. *State v. Mingua* (1974), 42 Ohio App.2d 35, 40, 71 O.O.2d 234, 237, 327 N.E.2d 791, 795 ("substantial" evidence is required, not "proof beyond a reasonable doubt").

■ We believe a more convincing rationale than that found in *Sisco* can be stated by applying the syllabus in *Kaiser, supra,* to the facts in this case. *Kaiser* held the triple-count provision applies "only to those defendants held in jail in lieu of bail solely on the pending charges." Appellant was held in jail *after* the pending charge (*i.e.,* the charge of February 7, 1991) *was dismissed.* Logic dictates that if appellant remained in jail after the charge of robbery was dismissed, he was not being held in jail *solely* on the basis of that charge.

Appellant argues that a parole violation holder is not a criminal charge: that the determination of a parole violation is an administrative function, not a judicial function. This distinction is irrelevant. Appellant's argument ignores the rationale behind the triple-count rule: criminal charges should be handled more expeditiously when an individual is incarcerated pending their resolution. The fact that an accused is incarcerated for some *other* reason (be it "administrative" or "judicial") removes some of the urgency of resolving the pending criminal charge (the accused will still be in jail, irrespective of the pending criminal charge).

It must also be remembered that appellant did have a legal right to a speedy trial under R.C. 2945.71(C)(2), but the facts of this case establish that appellant's right was not violated: appellant went to trial within two hundred seventy days of his arrest.[1]

Appellant's first assignment of error lacks merit.

■ In his second assignment of error, appellant argues that the trial court erred by overruling his motion for a new trial. Appellant's motion was based on an alleged contact with a juror by a witness for the appellant.

An affidavit appears in the record; it states that Shelly Lerz (n.k.a. Shelly Jones) was present outside the courtroom of appellant's trial. The affiant also

---

1. Our resolution of the first assignment of error is consistent with *State v. Dunkins* (1983), 10 Ohio App.3d 72, 10 OBR 82, 460 N.E.2d 688 (parole holder makes triple-count provision inapplicable; defendant must be brought to trial within two hundred seventy days of his arrest). Moreover, this court reached the same result in *State v. Russell* (Dec. 15, 1989), Trumbull App. Nos. 4032 and 4084, unreported, 1989 WL 152692.

appeared as a witness on behalf of the defendant, and later married him. Paragraph three of the affidavit states:

"Prior to my appearance as a witness, I was approached by a juror, who I believe to be Theodore Sethman, and told 'I like to see a young guy get a break, but I'm already outvoted. There is no sense of me going in there.'"

The judgment entry denying the motion for a new trial states that a hearing was held on the motion. If an oral hearing was had, no transcript of this hearing appears in the record.

Appellant cites only one Ohio case which addresses the issue of jury misconduct: *State v. King* (1983), 10 Ohio App.3d 161, 10 OBR 214, 460 N.E.2d 1383. In that case, the court concluded that the fact that a juror contacted a lawyer friend (who was not involved in the case) to inquire about some points of law was not prejudicial to the appellant's right to a trial by a fair and impartial jury. The case is now cited, by appellant and others (*e.g., State v. Hart* [1988], 57 Ohio App.3d 4, 8, 566 N.E.2d 174, 178]), as establishing the rule that:

" * * * all juror misconduct is presumed to be prejudicial, and the prevailing party (the state, in our case) has the burden to demonstrate that the misconduct was not prejudicial under the circumstances." *Id.,* 10 Ohio App.3d at 165, 10 OBR at 218, 460 N.E.2d at 1386.[2]

We find, however, that appellant in this case has not made out a sufficient *prima facie* case of jury misconduct, based upon the evidence that is now in the record, to entitle him to a presumption of prejudice.

As mentioned above, the only evidence in the record is the affidavit of appellant's (now) wife. The affidavit contained hearsay testimony of the alleged mental state of the jury (*i.e.,* that they had already made up their minds, prior to deliberations, in violation of the court's instructions). Nowhere in the record is there corroboration that juror Sethman even spoke with the affiant.

We refuse to apply the rule in *King, supra,* to hold that an uncorroborated allegation of a statement by a juror to a witness for the defendant requires

---

2. We note that *King* and *Hart, supra,* seem to contradict the burden of proof stated by the Supreme Court in *State v. Kehn* (1977), 50 Ohio St.2d 11, 19, 4 O.O.3d 74, 78, 361 N.E.2d 1330, 1335:

"* * * No prejudice to appellants was affirmatively demonstrated. It is a long standing rule of this court that we will not reverse a judgment because of the misconduct of a juror unless prejudice to the complaining party is shown. * * *"

Thus, we are not confident of the validity of the rule articulated by *King.* Nonetheless, we address the issue as presented by appellant because appellee does not argue that the rule in *King* is wrong.

rebuttal evidence to be submitted by the prosecution. Under these facts, the trial court did not err by denying the motion for new trial, even in the absence of any evidence introduced by the state which would indicate appellant's rights were not prejudiced.

 Further, to the extent appellant seeks to rely on the content of juror Sethman's statement (that the jury improperly made up their minds prior to hearing all of the evidence), appellant is barred by the *aliunde* rule. Evid.R. 608(B); see, also, *State v. Adams* (1943), 141 Ohio St. 423, 25 O.O. 570, 48 N.E.2d 861. To the extent juror Sethman merely spoke with a defense witness and voiced his sympathy, appellant's rights were not prejudiced.

At oral argument, appellant's counsel stated that no hearing was held on appellant's motion for a new trial. This assertion is contrary to the trial court's judgment entry dated July 15, 1991. This entry, which denied the motion, stated expressly that a hearing was held at which appellant's trial counsel appeared. Given the lack of evidence in the record (*i.e.*, the absence of the transcript from the hearing), this assignment of error could be denied merely on procedural grounds: appellant has failed to meet his App.R. 9(B) burden of producing a sufficient record to show the trial court erred. Hypothetically, the state may have introduced evidence at the hearing that the jury's misconduct (if any) was (beyond a reasonable doubt) not prejudicial to appellant's rights. If this had occurred, the trial court would not have erred by denying the motion for a new trial. See *State v. Hart, supra.*

Appellant's second assignment of error is meritless.

In light of the forgoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.

FORD, Presiding Judge, concurring.

I concur with the majority. I would embellish, however, on one aspect of the case. With respect to appellant's reference to the *Sisco* case, *supra*, and the rationale expressed there by the Fifth District Court of Appeals, R.C. 2945.72(A) provides in part as follows:

"Any period during which the accused is unavailable for hearing or trial, by reason of *other criminal proceedings against* him." (Emphasis added.)

It is conceded that a parole holder is administrative in nature, but few, if any, would contend that it is not a criminal proceeding, since it may, indeed, result in revocation of parole and reincarceration. This would hardly be characterized as a civil sanction, although it may not be viewed as a "new criminal" charge itself.