The STATE of Ohio, Appellant,

v.

HUBBARD, Appellee.

[Cite as *State v. Hubbard* (1995), 104 Ohio App.3d 443.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 94–P–0131.

Decided June 12, 1995.

444

*Thomas R. Buchanan,* Special Prosecuting Attorney, for appellant.

*George G. Keith,* for appellee.

FORD, Presiding Judge.

On February 12, 1994, a complaint was filed against appellee, Willie J. Hubbard, charging him with attempted aggravated murder with gun specifications, in violation of R.C. 2923.02, 2903.01 and 2941.141. On July 8, 1994, appellee was arrested and confined to the Portage County Jail. A $100,000 cash bond was placed upon appellee. On September 12, 1994, the Portage County Grand Jury indicted appellee on one count of aggravated robbery with gun specifications in violation of R.C. 2941.141.

On October 27, 1994, appellee moved for dismissal pursuant to the "triple-count" provision of R.C. 2945.71(E). This motion was filed one hundred forty-one days after he was arrested. A hearing on the motion was held on October 28, 1994. The trial court granted the motion to dismiss on November 15, 1994.

Appellant appeals this decision assigning the following as error:

"The trial court erred to the prejudice of the state-appellant by failing to find that the triple count provision of O.R.C. 2945.71(D) applied to the defendant-appellee."

Appellant argues that the trial court erred in granting appellee's motion to dismiss. R.C. 2945.71(C)(2) states that:

"A person against whom a charge of felony is pending:

" * * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest."

The time allotted under this speedy trial provision can be reduced if the defendant is incarcerated.

"For purposes of computing time * * * each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * * " R.C. 2945.71(E).

The Supreme Court of Ohio has held that the triple-count provision applies only to defendants held in jail in lieu of bail *solely* on the pending charge. *State v. MacDonald* (1976), 48 Ohio St.2d 66, 70, 2 O.O.3d 219, 221, 357 N.E.2d 40, 43. As we explained in *State v. Keyse* (Sept. 9, 1988), Lake App. No. 12–122, unreported, 1988 WL 94383:

"The reasoning is that if the accused would remain incarcerated even after the pending charge was dropped, the [triple-count] provision should not apply." *Id.* at 5.

The issue of speedy trial and the triple-count provision is raised when a defendant alleges in a motion to dismiss that the only cause of incarceration is the pending charge, and that the time requirements of R.C. 2945.71(E) have not been met. *State v. Butcher* (1986), 27 Ohio St.3d 28, 27 OBR 445, 500 N.E.2d 1368. Once this is accomplished, the burden of producing evidence demonstrating that the defendant is not entitled to be brought to trial under the limits of R.C. 2945.71(E) falls upon the state. *Id.* One method of excusing the triple-count provision is to produce proof that the defendant is being held on a parole or probation violation holder. *State v. Jones* (1992), 81 Ohio App.3d 348, 611 N.E.2d 329.

In the hearing on the motion to dismiss, Portage County Jail Administrator Linda Hoover testified that on July 26, 1994, she received a teletype communication from Jefferson County in behalf of the Adult Probation Department, requesting that a holder be placed on appellee, in addition to a prior holder request on a failure to appear on another matter from Jefferson County.

As we held in *Keyse*, a holder issued on an arrest warrant and one issued for a parole violation are different. *Keyse* at 8. There is no "constitutional requirement that the detainee be served with the underlying notice of the charge * * * [in] the parole holder situation." *Id.* at 9. A probation violation is not dissimilar. The existence of a valid probation violation holder serves to prevent the triggering of the triple-count provision. *State v. Thompson* (1994), 97 Ohio App.3d 183, 646 N.E.2d 499.

Both parties refer to our opinion in *State v. Brown* (Jan. 25, 1991), Trumbull App. No. 90–T–4362, unreported, 1991 WL 6018 (*"Brown I"*) where we held that:

"[I]t is incumbent for the state to produce evidence that a valid parole holder exists, *and that it was properly served upon the defendant."* (Emphasis added.) *Brown I* at 6.

However, both parties have failed to cite the Supreme Court of Ohio opinion in *State v. Brown* (1992), 64 Ohio St.3d 476, 597 N.E.2d 97 (*"Brown II"*), which was the appeal of our opinion in *Brown I*. In *Brown II*, the Supreme Court of Ohio reversed *Brown I*, and held that the triple-count provision did not apply in that case. *Brown II*, 64 Ohio St.3d at 479, 597 N.E.2d at 99. The court then stated that the trial court correctly denied the motion to dismiss, despite the fact that there were no copies of the parole holder in the record. *Id.* The *Brown II* decision also did not require the state to shoulder the burden of proving service to the defendant in a parole or probation holder case. *Id.* Coupled with the holding in *State v. Martin* (1978), 56 Ohio St.2d 207, 10 O.O.3d 369, 383 N.E.2d 585, which held that probation holders also toll the triple-count provision, it is clear that where the state shows that there is a valid parole or probation holder, the pertinent speedy trial statutory time frame is tolled so long as the defendant is not being held "solely" on the charge in question in this case. This result is consistent with decisions reached in other courts in Ohio. See *Thompson; State v. Penn* (Mar. 24, 1994), Cuyahoga App. No. 64987, unreported, 1994 WL 97703; *State v. Freeman* (Sept. 19, 1994), Butler App. No. CA94–01–003, unreported, 1994 WL 506206.

Because there is ample evidence in the record that demonstrates there was a probation holder on appellee, appellee was not being held "solely" on the pending charge. The record further indicates that Hoover testified about the existence of the probation violation holder, and a copy of the probation holder

teletype was included as an exhibit. This degree of proof more than satisfies the standard established in *Brown II*. Because such a holder is sufficient as a matter of law to prevent the operation of the triple-count provision, the trial court erred in dismissing this case for failure to comply with the provisions of R.C. 2945.71.

For the foregoing reasons, the trial court decision granting the appellee's motion to dismiss is reversed and the cause is remanded for trial.

*Judgment reversed*
*and cause remanded.*

JOSEPH E. MAHONEY and NADER, JJ., concur.