OPINION
Appellant Vernell Evans is before the Court upon a reopened appeal. Appellant challenges the trial court's denial of his motion to dismiss based upon his right to a speedy trial. The following facts give rise to this appeal.
On December 19, 1995, the Richland County Grand Jury indicted Appellant Vernell Evans on one count of robbery for an incident that occurred on August 30, 1995. Appellant entered the Quick Check convenience store, in Mansfield, and attempted to take money from the cash register by reaching over the counter. An employee at Quick Check, Carol Esterline, reacted by shutting the cash register drawer on appellant's hands. Appellant responded by punching Ms. Esterline and knocking her partially to the floor. Appellant grabbed cash from the register and fled the store.
Neither employee at the Quick Check store could identify appellant. Mary Jean McCormick, who was seated in her vehicle outside the convenience store when the robbery occurred, observed appellant's direction of flight and provided the officers with a clothing description. Larry Coombs and Clair Gray observed a black male running through a backyard and down the middle of their street. Both men live approximately four blocks from the convenience store. Coombs and Gray thought appellant's activity was suspicious and began pursuing him. Appellant subsequently got into a vehicle and left the scene.
However, Mr. Gray was able to obtain the license plate number of the vehicle in which appellant fled. Further, both Coombs and Gray provided the officers with a physical description of appellant and a description of his clothing. On August 31, 1995, Detective Frank Parrella observed a vehicle with the license plate number provided by Mr. Gray. Detective Parrella stopped the vehicle and appellant fled. Appellant was wearing the same clothes he was wearing the day he committed the robbery. When appellant was apprehended, he was found hiding underneath an automobile at a repair garage. Although appellant removed his shirt during the chase, the officers recovered a lavender shirt matching the description appellant was observed wearing when he committed the robbery. Appellant entered a plea of not guilty. On December 22, 1995, appellant filed a motion to dismiss due to a speedy trial violation. The trial court overruled appellant's motion on January 16, 1996. This matter proceeded to trial on February 28, 1996. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant accordingly. Appellant timely filed a notice of appeal. On March 6, 1997, we affirmed appellant's conviction.[1]
On October 3, 1997, appellant filed an application of reopening pursuant to App.R. 26(B). We granted appellant's request to reopen his appeal on November 14, 1997. Appellant sets forth the following assignment of error for our consideration:
 I. THE APPELLANT WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S SPEEDY TRIAL RIGHTS BY DENYING HIS MOTION TO DISMISS.
 I
Appellant claims, in his sole assignment of error, the trial court should have granted his motion to dismiss as he was denied his right to a speedy trial. We disagree.
Generally, a person who has been charged with a felony must be brought to trial within two hundred seventy days. R.C.2945.71(C)(2). This rule is modified by R.C. 2945.71(E), which provides, in pertinent part:
 "[Each] day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *"
The Ohio Supreme Court interpreted the above language, in former R.C. 2945.71(D), to be "applicable only to those defendants held in jail in lieu of bail solely on the pending charge." (Emphasis added.) State v. Kaiser (1978), 56 Ohio St.2d 29, paragraph two of the syllabus. In State v. Martin (1978),56 Ohio St.2d 207 the Ohio Supreme Court held that a defendant who is arrested on charges of breaking and entering and grand theft, and is also held in jail on a probation violation holder which has been issued as a result of the defendant's arrest, is not in jail solely on the criminal charges. Therefore, the triple-count provision does not mandate the defendant be brought to trial within ninety days of his arrest and incarceration. Id. at 211.
In the case sub judice, appellant was arrested on August 31, 1995. On September 1, 1995, Robert Miller, appellant's parole officer, filed a parole holder on appellant. Appellant maintains that under this Court's previous decision, in State v. Sisco (June 28, 1982), Fairfield App. No. 20-CA-82, unreported, the trial court should have granted his motion to dismiss because a parole holder is not a separate charge and therefore, the triple-count provision applies. This Court concluded the parole holder was not a separate charge because the defendant could not resolve the administrative matter (i.e., the parole holder) until the criminal case is resolved.
We overrule our previous decision in Sisco and instead adopt the reasoning set forth in State v. Jones (1992),81 Ohio App.3d 348. In Jones, the court refused to recognize a distinction between a probation violation holder and a parole holder on the basis that a conviction on the criminal charge for which a defendant has been arrested is not a mandatory prerequisite to the Parole Board's revocation of parole. Id. at 350-351. Therefore it does not follow that a defendant is being held solely on the criminal charge when a parole holder has also been filed.
In this matter, appellant served one day in jail before appellant's parole officer filed the parole holder. Appellant is therefore entitled to the triple-count provision for one day, August 31, 1995. When appellant's parole officer filed the parole holder on September 1, 1995, the triple-count provision no longer applied because appellant was not being held solely on the pending charge. As such, from September 1, 1995, through February 28, 1996, the day appellant's trial commenced, appellant served one hundred eighty days. Based upon the above calculations, appellant served a total of one hundred eighty three days prior to the commencement of his trial, well within the two hundred seventy days provided for in R.C. 2945.71(C)(2).
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
[1] State v. Evans (March 6, 1997), Richland App. No. 96 CA 31, unreported.