This cause came on to be heard upon the accelerated calender pursuant to App. R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. Thomas Thorne, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-358768, in which the trial court ordered defendant-appellant held in custody pending disposition of a new charge after defendant-appellant had been sentenced by the trial court in the instant case. Defendant-appellant assigns a single error for this court's review.
On January 28, 1998, the Cuyahoga County Grand Jury returned a single-count indictment against defendant-appellant, Case No. CR-358768, charging him with felonious assault, in violation of R.C. 2903.11. On February 18, 1998, defendant-appellant was arraigned whereupon a plea of not guilty was entered to the indictment.
On April 21, 1998, defendant-appellant withdrew his formerly entered plea of not guilty and entered a plea of guilty to the amended charge of aggravated assault, in violation of R.C.2903.12. The trial court referred defendant-appellant to the Cuyahoga County Probation Department for completion of a pre-sentence investigation and report. Sentencing was scheduled for May 18, 1998. At the sentencing hearing, the trial court sentenced defendant-appellant to five years community control sanctions and ordered defendant-appellant to pay court costs.
On June 18, 1998, defendant-appellant was indicted in a separate case and charged with intimidation of a witness, in violation of R.C. 2921.04. On June 19, 1998, the trial court issued the following order:
 Due to the fact that information was not known by the court at the time of sentencing, defendant ordered held pending disposition of all new charges.
On June 25, 1998, defense counsel filed a motion for release of defendant in which he maintained that the trial court could not alter its final judgment after defendant-appellant had begun serving the validly imposed sentence in the case. On July 2, 1998, the trial court denied defendant-appellant's motion for release of defendant without a hearing.
On July 7, 1998, defendant-appellant filed a timely notice of appeal from the judgment of the trial court. On August 14, 1998, defendant-appellant entered a plea of guilty in the intimidation case and was subsequently sentenced on November 6, 1998. A probation violation hearing was held that same day in Case No. CR-358768. The trial court determined that defendant-appellant was, in fact, a probation violator and issued the following journal entry:
 Defendant, Thomas Thorne, in open court represented by counsel. Hearing had. Due to information unknown at the time of sentencing on this case, Defendant's Community Control Sanctions is revoked and Defendant, Thomas Thorne, is sentenced to seventeen (17) months at Lorain Correctional Institution, to run concurrently with sentence imposed in Case CR-365097(A) and CR-364592(E). Defendant is to receive credit for 141 days jail time served in Case CR-358768.
Defendant-appellant's sole assignment of error on appeal states:
 THE TRIAL COURT ERRED BY ORDERING APPELLANT "HELD" PENDING THE DISPOSITION OF NEW CHARGES.
Defendant-appellant argues, through his sole assignment of error, that the trial court erred by placing a hold order upon him approximately one month after he was sentenced in the underlying case. Specifically, defendant-appellant maintains that, absent an allegation on the record that defendant-appellant somehow violated the terms of his sentence, the trial court was without authority to order defendant-appellant held pending the outcome of an unrelated charge and/or re-sentence defendant-appellant in the prior case.
It is well established that, should a defendant fail to comply with the terms of court ordered probation (i.e. community control sanction), the trial court may order that defendant held pending a hearing and determination on the alleged probation violation. See State v. Hubbard (1995),104 Ohio App.3d 443, 445; State v. Jones (1992), 81 Ohio App.3d 348, 611 N.E.2d 329. This is based upon the theory that probation stems from a prior criminal conviction and being charged with a new criminal offense is often a violation of a condition of probation for which the trial court may arrest a defendant or place a holder on a defendant already in custody. Whether labeled judicial or administrative, reasons other than the new charge exist to justify detaining the defendant. Statev. Franz (June 4, 1996), Logan App. No. 8-96-1, unreported.
In a probation or parole holder situation, there is no constitutional requirement that a detainee be served with underlying notice of the charge. See State v. Brown (1992),64 Ohio St.3d 476, 597 N.E.2d 97; State v. Thompson (1994),97 Ohio App.3d 183, 646 N.E.2d 499.
In the case sub judice, defendant-appellant maintains that the trial court is attempting, through its order of June 19, 1998, to reconsider its prior sentence of five years community control sanctions and possibly re-sentence defendant-appellant to a more harsh sentence on the charge of aggravated assault. A review of the record fails to support defendant-appellant's position. Given the fact that defendant-appellant was placed on five years community control sanctions pursuant to R.C.2929.15, it is apparent that the trial court has the authority in the event of a probation violation to sentence defendant-appellant to the sentence which could have been imposed originally on the offense of aggravated assault as set forth in the trial court's sentencing entry journalized on May 28, 1998. See R.C. 2903.12. While the language of the trial court's order dated June 19, 1998 does not specifically state the exact nature of the holder put in place, it is clear from the trial court record that it was, in essence, a probation holder. The fact that defendant-appellant was ordered held pending ultimate disposition of the new charges brought against him demonstrates that the trial court was merely intending to ensure defendant-appellant's presence until such time as it could be conclusively determined that a probation violation did or did not occur. At that time the appropriate hearing could then be conducted.
More importantly, the relief sought in the instant appeal is clearly not the proper subject of a direct appeal, but rather, should have been brought through a writ of habeas corpus since the prisoner would undoubtedly have served a large percentage of his sentence by the time the issues brought on appeal would be resolved. See Casdorph v. Kohl (1993), 90 Ohio App.3d 294. In addition, even if this court were to ultimately determine that the underlying issue was properly before the court at this time, the fact that the trial court's order from which defendant-appellant appeals is no longer in effect renders the instant appeal moot since there is no controversy now present for this court's determination. See City of Dayton v. Whiddon
(July 2, 1998), Montgomery App. No. 16896, unreported, citingFortner v. Thomas (1970), 22 Ohio St.2d 13, 257 N.E.2d 371; App. R. 12(A)(1)(c).
For the foregoing reasons, it is apparent that this appeal should be and hereby is dismissed.
Appeal dismissed.
This cause is dismissed.
Costs divided equally between plaintiff-appellee and defendant-appellant.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ ANN DYKE, PRESIDING JUDGE
 _______________________________ DIANE KARPINSKI, JUDGE
 _______________________________ MICHAEL J. CORRIGAN, JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc. App. R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E), unless a motion for reconsideration with supporting brief, per App. R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).