OPINION
On January 25, 1995, appellant, Catherine A. Ezzo, filed a complaint, in the Trumbull County Court of Common Pleas, against appellees, Joseph V. Osti, David A. Kutlick, and Associates in Podiatric Medicine, Inc., alleging that they had provided negligent medical care. The case proceeded to a trial before a jury, on July 27 and 28, 1998. On July 28, 1998, at the conclusion of the trial, the jury returned a general verdict in favor of appellees.
On August 7, 1998, appellant moved the court for a new trial on the grounds of juror misconduct. In her motion, appellant alleged that, during lunch on the second day of trial, her sister overheard one of the jurors discussing certain aspects of the trial with her husband. According to her sister's affidavit, which accompanied appellant's motion, she did not inform appellant that she had overheard this conversation until after the jury returned its verdict. As such, appellant argued, it was impossible to determine whether the verdict was free from outside influences. On August 14, 1998, without a hearing, the trial court denied appellant's motion without explanation. On September 10, 1998, the trial court entered judgment on the verdict.
Appellant raises the following assignment of error for our review:
 "The trial court erred in denying plaintiff-appellant's motion for a new trial based upon juror misconduct."
 In her assignment of error, appellant asserts that "[t]he misconduct of the juror tainted the verdict and require[d] the granting of a new trial."
A court will not reverse a judgment based upon juror misconduct unless prejudice to the complaining party is shown. See, e.g., State v. Grant (1993), 67 Ohio St.3d 465, 480,620 N.E.2d 50, 67. A trial court's ruling on a motion for new trial which is predicated upon juror misconduct will not be disturbed unless the court's ruling constituted an abuse of discretion.Ohio Turnpike Comm. v. Ellis (1955), 164 Ohio St. 377,131 N.E.2d 397.
In analyzing a case of alleged juror misconduct, a trial court must engage in a "two-tier" inquiry. State v. Taylor
(1991), 73 Ohio App.3d 827, 598 N.E.2d 818. First, it must determine whether juror misconduct occurred. State v. Jones
(1992), 81 Ohio App.3d 348, 611 N.E.2d 329. If so, the complaining party must establish that the communication biased the juror. State v. Phillips (1995), 74 Ohio St.3d 72, 88-89,656 N.E.2d 643. Communications between a juror and her husband, occurring during a civil trial, with the purpose of making her more knowledgeable of the case would constitute misconduct by her. See Diehl v. Wilmot Castle Co. (1971), 26 Ohio St.2d 249,271 N.E.2d 261.
The facts in this case are similar to the facts in State v.Jones (1992), supra, a case where we addressed possible juror misconduct. In the Jones case, we held that Mr. Jones had not made out a sufficient prima facie case of juror misconduct because no other corroborating evidence was presented to support that the conversation occurred or what effect the conversation had on the juror or the verdict. However, in Jones, the trial court held a hearing to determine whether the alleged misconduct had occurred. In the instant case, the record does not demonstrate that the trial court even attempted to determine whether the allegation raised by appellant's motion was accurate. Thus, it did not satisfy the first tier of inquiry set forth in Taylor.
The judgment of the trial court is reversed and remanded for the trial court to determine whether juror misconduct occurred and, if so, whether the misconduct was prejudicial to appellant.
FORD, P.J., O'NEILL, J., concur.